15 F.3d 32
 63 Empl. Prac. Dec. P 42,826
 Christine M. GIERLINGER, Plaintiff-Appellee,
v.
NEW YORK STATE POLICE, et al., Defendants,
John Gleason, Individually, and in his Capacity as a Major
and Troop Commander of Troop A of the New York
State Police, Defendant-Appellant.
 No. 629, Docket 93-7485.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 9, 1993.
Decided Jan. 26, 1994.
 
 Michael S. Buskus, Asst. Atty. Gen., Albany, NY (Robert Abrams, Atty. Gen., Peter G. Crary, Asst. Atty. Gen., Peter H. Schiff, Deputy Sol. Gen., Albany, NY, of counsel), for defendant-appellant.
 Willard M. Pottle, Jr., Buffalo, NY, for plaintiff-appellee.
 Before: NEWMAN, Chief Judge, CARDAMONE and GOODWIN*, Circuit Judges.
 GOODWIN, Circuit Judge:
 
 
 1
 John Gleason appeals from the May 29, 1992 judgment of the United States District Court for the Western District of New York (Elfvin, J.), entered against him after a jury verdict in favor of plaintiff Christine M. Gierlinger in an amount of $340,000, and from the same court's order dated April 15, 1993 that denied appellant's motions for judgment as a matter of law and for a new trial.
 
 
 2
 Ms. Gierlinger, a former New York state trooper, brought an employment discrimination action against the New York State Police and named as defendants State Police officials, alleging that she was fired because she is a woman, and in retaliation for filing complaints of sexual harassment. Based on the same set of facts, the plaintiff brought both a Title VII sex discrimination claim, which prior to 1991 was not triable to a jury but which carries respondeat superior liability, and a 42 U.S.C. Sec. 1983 damage claim that is triable to a jury, but which does not impose respondeat liability. She also alleged state law claims. The trial court submitted the commingled claims to the jury with instructions that generally stated correct legal principles, but which, on the evidentiary record before the jury, left the jury with uncertain guidance on which legal principles to apply to whatever they determined the facts to be.
 
 
 3
 The jury returned verdicts in favor of all defendants except appellant John Gleason, the now-retired former commander of the troop in which plaintiff was employed, who was sued personally and in his official capacity. The other named defendants who were exonerated by the jury held various positions of responsibility in the State Police department. The actual perpetrators of numerous sophomoric acts of locker-room harassment were not named as defendants. It is the commingling of claims and theories in the jury instructions that defendant Gleason challenges on appeal.
 
 DISCUSSION
 A. Contentions of Parties
 
 4
 Plaintiff's employment was terminated when she was not recommended for retention after the end of her probationary, one-year training period. (The trial court correctly instructed the jury for the purposes of this case that her unemployment was a "termination."). It was virtually undisputed that some sexual harassment occurred in the police locker room, and elsewhere in the work environment. The disputed facts had to do with the individual responsibility of the named defendants.
 
 
 5
 Plaintiff's theories of liability were that supervisors, who were named defendants, permitted fellow troopers to harass her, and then, when she complained, retaliated against her by writing negative performance evaluations that ultimately caused her loss of employment and resulting money damages. Her theory, which was submitted to the jury, was that the named defendants had a duty to protect employees from sexual harassment by other employees, and that they wrongfully failed to prevent sexual harassment and therefore were personally liable in damages for their own leadership defaults. She alleged that defendant Gleason, as the officer in charge of her administrative unit, was personally responsible for her termination either because of her gender or in retaliation for her complaints.
 
 
 6
 The defense argued that the Title VII sex discrimination claims, upon which injunctive and other equitable remedies may be founded, were improperly submitted to the jury together with the notions of vicarious Title VII respondeat superior liability to the prejudice of the individual defendants. Because the jury exonerated all the defendants but the officer in charge, the plaintiff now contends that any error in submitting the commingled theories of liability was harmless. The plaintiff maintains that the jury found its way through the complexities of the various theories, and reached a just result holding liable the officer in charge, and that Gleason's liability was supported by evidence that he was indeed responsible for the damages the jury found the plaintiff to have suffered: loss of employment and wages.
 
 
 7
 The defense argues that the civil rights violations that may have been committed by individual troopers in violation of Sec. 1983, and for which the defendants denied responsibility, were improperly attributed by the jury to Gleason, who, from the evidence in the record, did not engage in sexual harassment. The plaintiff asserted that Gleason created an environment, or at least permitted one to exist, in which the alleged misconduct of various troopers under his command flourished and produced the harm of which the plaintiff complained. These factual questions were appropriate for submission to a jury, but only with proper instructions.
 
 B. The Instructions
 
 8
 The defense argues that the instructions permitted the jury to return a verdict that was inconsistent with the law and the facts. The district court charged the jury, over the objection of defense counsel, that Title VII standards for retaliation claims applied to the claims against the individual defendants under Sec. 1983. The defense assigns error to the instruction because it claims that it permitted the jury to impose Sec. 1983 damages based on a Title VII theory of respondeat superior.
 
 
 9
 A Title VII plaintiff is not precluded from bringing a concurrent Sec. 1983 cause of action, so long as the Sec. 1983 claim is based on a distinct violation of a constitutional right. See Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 143 (2d Cir.1993). For example, in some circumstances a Sec. 1983 claim may be properly grounded on a violation of the Equal Protection Clause of the Fourteenth Amendment based on sexual harassment in the workplace. See id.
 
 
 10
 It was the plaintiff's theory that the constitutional right she claimed the defendants violated under 42 U.S.C. Sec. 1983 was her right under the Equal Protection Clause of the Fourteenth Amendment to be free from sexual harassment. See Bohen v. City of East Chicago, Ind., 799 F.2d 1180, 1185 (7th Cir.1986) ("Sexual harassment of female employees by a state employer constitutes sex discrimination for purposes of the equal protection clause of the fourteenth amendment."); see also Davis v. Passman, 442 U.S. 228, 234-35, 99 S.Ct. 2264, 2271, 60 L.Ed.2d 846 (1979). Section 1983 liability can be imposed upon individual employers, or responsible supervisors, for failing properly to investigate and address allegations of sexual harassment when through this failure, the conduct becomes an accepted custom or practice of the employer. See Bohen, 799 F.2d at 1189. Thus, it was proper for the district court to instruct the jury on this claim. But as noted, the instructions must have permitted the jury to understand the requisite showing of involvement on the part of the particular defendant for liability to be sustained.
 
 
 11
 The trial court erred in its instructions to the jury on the question of Sec. 1983 liability. It is not possible to determine from the instructions whether the jury found Gleason liable on the theory of respondeat superior, which is not available in a Sec. 1983 claim, or liable for his own performance as a commanding officer. Since separate theories of liability with different standards of individual involvement were presented to a jury, it would have been better practice and aided appellate review had the trial court made use of special interrogatories on the liability issues. Gleason is entitled to a new trial under the proper standards of liability in a Sec. 1983 case. With the other defendants out of the case, counsel should be required to submit clear instructions for the court to evaluate in submitting to the jury any remaining questions the parties may not be able to resolve by agreement concerning Gleason's liability under federal or state law.[1]
 
 CONCLUSION
 
 12
 For the reasons stated, the judgment of the district court is vacated and the cause remanded for further proceedings consistent with this opinion.
 
 
 
 *
 Hon. Alfred T. Goodwin, United States Court of Appeals for the Ninth Circuit, sitting by designation
 
 
 [1]
 The defense also contended that plaintiff performed so poorly as a probationary trooper that she would have been fired whether or not she filed harassment charges. We need not reach this argument on this appeal. If there is another trial, the court will decide on the record there made whether the evidence would support the submission of the retaliation firing and pretext issues to the jury. The jury would then, if properly instructed, decide whether defendant Gleason was personally liable for any conduct on his part that deprived the plaintiff of a protected right