Barbara **ANNIS**, Plaintiff–Appellant,

v.

**COUNTY OF WESTCHESTER, NEW YORK; Ernest J. Colaneri; and Anthony M. Mosca, Defendants–Appellees.**

No. 1689, Docket 94–7085.

United States Court of Appeals, Second Circuit.

Argued July 19, 1994.

Decided Sept. 22, 1994.

---

George J. Calcagnini, Mount Kisco, NY, for plaintiff-appellant.

Peter A. Carbone, Asst. Westchester County Atty., (Marilyn J. Slaaten, Westchester County Atty., Carol L. Van Scoyoc, Deputy Westchester County Atty., White Plains, NY, of counsel), for defendants-appellees County of Westchester and Ernest J. Colaneri.[1]

James R. Neely, Jr., Deputy Gen. Counsel, Gwendolyn Young Reams, Associate Gen. Counsel, Vincent J. Blackwood, Asst. Gen. Counsel, Samuel A. Marcosson, Attorney, E.E.O.C., Washington, DC, submitted a brief as amicus curiae.

Before: WALKER, McLAUGHLIN, and JACOBS, Circuit Judges.

JACOBS, Circuit Judge:

In this appeal, we decide whether an employment discrimination claim pleaded solely under 42 U.S.C. §§ 1983 and 1985 is dismissable for failure to plead a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and to plead compliance with the procedural requirements of that act. Plaintiff-appellant Barbara Annis brought an action in the United States District Court for the Southern District of New York (Broderick, J.), alleging that her employer, the Westchester County Department of Public Safety, and its employees Ernest J. Colaneri and Anthony M. Mosca (collectively "the defendants"), discriminated against and harassed her because of her sex, thereby violating her Fourteenth Amendment right to due process and equal protection of the laws. The pleading relies upon §§ 1983 and 1985, and does not invoke Title VII.[2] The district court dismissed Annis's complaint, on a motion by the defendants pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although the district court does not specify which rule it invokes, we will

---

1. Defendant-appellee Anthony M. Mosca did not appear in this appeal.

2. Because the § 1985 claim simply alleges a conspiracy to violate plaintiff's constitutional rights, and thus implicates all the same issues as the § 1983 claim, we will refer collectively to both claims as her "§ 1983 claim."

treat the dismissal as one for failure to state a claim upon which relief can be granted. Specifically, the court held that a plaintiff alleging unlawful sex discrimination by an employer must allege a violation of Title VII, and must follow all the procedural steps specified in that law. The district court accordingly dismissed her complaint with leave to amend to include a Title VII count. When Annis failed to amend the complaint, the district court entered final judgment dismissing it. For the reasons stated below, we reverse.

## Background

■ We assume the truth of the allegations in the complaint, as we must on an appeal from an order dismissing a complaint for failure to state a claim. *Castellano v. Board of Trustees of the Police Officers' Variable Supplements Fund*, 937 F.2d 752, 754 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 378, 116 L.Ed.2d 329 (1991).

Barbara Annis is a police lieutenant in the Department of Public Safety of Westchester County, New York. She transferred there from the police department of Mount Vernon, New York, in January 1984. During her tenure as a Mount Vernon police officer, Annis's supervisor—defendant Anthony Mosca—subjected her to a prolonged campaign of harassment and discrimination because of her sex. After approximately seven years of this treatment, Annis filed a discrimination claim with the New York State Attorney General. She dropped that claim in exchange for a transfer to the Westchester Department of Public Safety, thinking that doing so would remove herself from Mosca's supervisory jurisdiction.

Six months later, however, Mosca joined the Westchester Department of Public Safety as Commissioner, in which role he resumed his campaign of harassment and discrimination against her, now aided by her direct supervisor Ernest Colaneri.[3] She was subjected to vulgar sexual references, harsh and unfounded criticism, and otherwise singled out for different treatment relative to the Department's male officers. For example, on several occasions she was assigned duties normally relegated to more junior grades within the Department. In approximately November 1992, she was barred from entering the radio room, even though entry was permitted for all male employees. Other incidents included the removal of a favorable performance evaluation from her file, the refusal of the Department to assign her a car after her promotion to lieutenant, and the removal of her name from an overtime duty roster. In each case, she was singled out for such treatment because of her sex.

Annis's complaint pleads two causes of action: (i) a claim under § 1983 for the deprivation of her constitutional rights to equal protection of the law and due process; and (ii) a claim under § 1985 for conspiracy to deprive her of the equal protection of the law "and/or the equal privileges and immunities of the law." The district court granted defendants' motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and (6), on the ground that a plaintiff alleging sex-based employment discrimination may not bring an action solely under § 1983, but must (at least) concurrently plead a violation of Title VII and follow that statute's procedures.

We reverse because we conclude that Title VII is not intended to be an exclusive remedy for sex discrimination in the workplace.

## Discussion

■ The district court's dismissal of the complaint is subject to our *de novo* review; taking all the plaintiff's factual allegations as true, we will affirm only where no set of facts could support her claim. *Christ Gatzonis Electrical Contractor, Inc. v. New York City School Construction Authority*, 23 F.3d 636, 639 (2d Cir.1994).

■ Annis pleaded a violation of § 1983, which provides, in relevant part:

Every person who, under color [of law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or

---

**3.** Mosca retired from his position in 1992, and Colaneri now holds the title of Commissioner.

These changes are not relevant to this appeal.

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. This statute furnishes a cause of action for the violation of federal rights created by the Constitution. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979). There can be no question that defendants Mosca and Colaneri are, in their personal capacities, amenable to suit under this statute, inasmuch as they were conducting themselves as supervisors for a public employer and thus were acting under color of state law. *See Carrero v. New York City Housing Authority*, 890 F.2d 569, 577 (2d Cir.1989). There is a question regarding whether the County of Westchester Department of Public Safety may properly be named as a defendant in this action, *see id.* at 576–77, but that issue has not been raised or briefed by the County and therefore we do not reach the question.

■ As a threshold matter, we conclude that the core conduct of which Annis complains—sex discrimination—is covered by § 1983. The Supreme Court declared fifteen years ago that individuals have a constitutional right under the equal protection clause to be free from sex discrimination in public employment. *Davis v. Passman*, 442 U.S. 228, 234–35, 99 S.Ct. 2264, 2271, 60 L.Ed.2d 846 (1979). Defendants argue that Annis's complaint really pleads sexual harassment, and that such a claim (i) is distinct from sex discrimination and (ii) is purely a creation of Title VII. Circuit courts that have considered this question have rejected the argument. *Beardsley v. Webb*, 30 F.3d 524, 529 (4th Cir.1994); *Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1185 (7th Cir.1986) ("Sexual harassment of female employees by a state employer constitutes sex discrimination for purposes of the equal protection clause of the fourteenth amendment."). While we do not subscribe to a categorical view that sexual harassment equals sex discrimination, we do agree that harassment that transcends coarse, hostile and boorish behavior can rise to the level of a constitutional tort. *See Gierlinger v. New York State Police*, 15 F.3d 32, 34 (2d Cir.1994) ("[I]n some circumstances a § 1983 claim may be properly grounded on a violation of the Equal Protection Clause of the Fourteenth Amendment based on sexual harassment in the workplace."). When—as alleged here—sexual harassment includes conduct evidently calculated to drive someone out of the workplace, the harassment is tantamount to sex discrimination. Annis's complaint alleges that the reason behind her treatment was Mosca's belief that women should not be police officers. Whether or not she can adduce facts supporting that alleged motivation, the conduct alleged is evidently calculated to force the plaintiff to retreat from her role as a police officer, and from her job.

■ Therefore, irrespective of whether Annis is pleading sex discrimination or sexual harassment, we hold that she has pleaded a claim under § 1983. The only remaining question is whether she may bring her claim without concurrently pleading a violation of Title VII, and satisfying the procedural requirements of that law. On that count, it is clear that Congress did not intend to make Title VII the exclusive remedy for employment discrimination claims, at least not those claims cognizable under the Constitution.

In 1972, Congress amended the 1964 Civil Rights Act to make Title VII applicable to state and municipal employers. Pub.L. No. 92–261, 86 Stat. 103 (1972). Shortly thereafter, this court expressly recognized the continuing viability of a section 1983 suit in the employment discrimination context. *Vulcan Soc'y of New York City Fire Dept., Inc. v. Civil Service Comm'n*, 490 F.2d 387, 390 n. 1 (2d Cir.1973) ("The legislative history [of the 1972 amendment] made it clear, however, that Congress did not intend thereby to limit plaintiffs' rights to bring suits against state and municipal officers under 42 U.S.C. § 1983."). Moreover, every circuit that has considered this issue has held that Title VII is not the exclusive remedy for discrimination claims against state or municipal employers, where those claims derive from violations of Constitutional rights. *See, e.g., Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1079 (3d Cir.1990); *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir.1989), *cert. denied*, 493 U.S. 1019, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990); *Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir.1989); *Roberts v. College of the Desert*, 870 F.2d

1411, 1415–16 (9th Cir.1988); *Keller v. Prince George's County,* 827 F.2d 952, 956–63 (4th Cir.1987); *Trigg v. Fort Wayne Community Schools,* 766 F.2d 299, 302 (7th Cir. 1985); *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199, 1205 (6th Cir.1984). In addition, the District of Columbia Circuit has entertained employment discrimination claims under § 1983 alone, which may be an implicit endorsement of this principle. *Oates v. District of Columbia,* 824 F.2d 87 (D.C.Cir.1987).

The Fourth Circuit, in *Keller,* reviewed the legislative history of Title VII in as much detail as anyone would wish. *Keller,* 827 F.2d at 958–962, 965–66. We see no need to cover that ground again. Congress undoubtedly and repeatedly considered the exclusivity question and, in the end, resolved not to make Title VII the sole statutory remedy for employment discrimination by state and municipal employers that amounts to a constitutional tort.[4] *See, e.g., id.* at 966 (Wilkinson, J., concurring) ("House bill provided that charges under Title VII are the exclusive remedy for unlawful employment practices. The House receded.") (quoting S.Conf.Rep. No. 681, 92d Cong., 2d Sess. 17 (1972), *reprinted in* Legislative History of the Equal Employment Opportunity Act of 1972, at 1815 (1972)).

We therefore hold that an employment discrimination plaintiff alleging the violation of a constitutional right may bring suit under § 1983 alone, and is not required to plead concurrently a violation of Title VII. While we share the district court's concern that this may invite an increase in the number of cases brought in the first instance in the district courts, that is a policy matter outside our province.

### Conclusion

For the foregoing reasons, we reverse the district court's decision, and remand with instructions to reinstate the complaint.

---

4. It is equally clear that *federal* employees are restricted to Title VII when complaining of employment discrimination. *See Brown v. General Services Admin.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976).