Eddie TARAFA, Plaintiff,

v.

C.O. MANIGO, Shield No. 6137, et al.; Michael Pastena, W. J.A.T.C., et al., Anthony Schembri, N.Y.C. Dept. of Corr., et al., Defendants.

No. 94 Civ. 7973 (DC).

United States District Court,
S.D. New York.

Sept. 25, 1995.

Eddie Tarafa, Ray Brook, NY, plaintiff pro se.

Paul A. Crotty, Corporation Counsel of the City of New York, New York City by Andrew M. Wasserman, Ass't Corporation Counsel, for defendants Schembri and Pastena.

### MEMORANDUM DECISION

CHIN, District Judge.

*Pro se* plaintiff Eddie Tarafa ("Tarafa") brings this action under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights when he was assaulted by one corrections officer and threatened by another. Defendants Anthony Schembri and Michael Pastena move to dismiss the claims against them. For the reasons that follow, the motion is granted.

### I. BACKGROUND [1]

Tarafa is incarcerated at the Adirondack Correctional Facility in Ray Brook, New York. Defendant Anthony Schembri was the Commissioner of the New York City Department of Corrections. Defendant Michael Pastena is the Warden of the Manhattan

---

1. The facts set forth in the complaint are accepted as true for purposes of deciding defendants' motion.

Detention Complex. Defendants Sabria Manigo and J. Turner[2] are corrections officers at Rikers Island.

On September 19, 1994, Tarafa was one of several prisoners on a bus returning from court appearances when a fight ensued between two prisoners. After officers removed the combatants from the bus, an officer returned to remove Tarafa and another inmate. Tarafa thought that he was going to be searched but instead was struck on the head without provocation by Officer Manigo. As a result of the alleged attack, Tarafa sustained injuries to his head and left hand and lost consciousness. Tarafa remains in constant pain, has blurred vision, and has ringing in his left ear.

Later, Officer Turner approached Tarafa, asking whether he had initiated an investigation against another officer concerning an incident on a bus.[3] When Officer Turner determined that Tarafa had commenced such an investigation, he threatened to "shoot [Tarafa] as a form of defense" unless Tarafa dropped his complaint.

Tarafa commenced this action on September 30, 1994, seeking injunctive relief against defendants Manigo and Turner and compensatory damages against all defendants. Defendants Schembri and Pastena have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

## II.  *DISCUSSION*

### A.  *Standard of Review*

Although Tarafa has failed to respond to defendants' motion, I will still examine the complaint and the motion carefully because Tarafa is *pro se*. *Rosado v. City of New York*, No. 91 Civ. 6272 (LBS), 1993 WL 321611, at *1 (S.D.N.Y. Aug. 19, 1993); *see*

*also Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

In analyzing defendants' motion to dismiss for failure to state a claim, I must view the complaint in the light most favorable to plaintiff and accept all allegations contained therein as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Annis v. County of Westchester*, 36 F.3d 251, 253 (2d Cir. 1994). Dismissal of the complaint under Fed.R.Civ.P. 12(b)(6) is inappropriate unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Christ Gatzonis Elec. Contractor, Inc. v. New York City School Constr. Auth.*, 23 F.3d 636, 639 (2d Cir.1994).

### B.  *Personal Involvement*

Defendants Schembri and Pastena argue that Tarafa fails to state a claim because (i) the complaint fails to allege personal involvement by either of them in the alleged incidents and (ii) the complaint fails to allege that the incidents were in furtherance of a municipal policy or custom.

Section 1983 imposes liability for conduct that causes a person to be deprived of a constitutional right. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir.1986) (*citing Rizzo v. Goode*, 423 U.S. 362, 370–71, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976)). To succeed on a claim under section 1983, a plaintiff must allege personal involvement by each defendant in the alleged constitutional deprivation.[4] *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); *see also Monell v. Department of Social Servs.*, 436 U.S. 658, 693–95, 98 S.Ct. 2018, 2037–38,

---

2. Although Officer Turner is not included as a defendant in the caption of Tarafa's complaint, he is described as a party to the action in the body of the complaint.

3. The complaint does not allege on what date this incident with Officer Turner occurred.

4. I note that lack of personal involvement is a bar only to a § 1983 claim seeking money damages, not to a § 1983 claim seeking injunctive or

declaratory relief. *See, e.g., Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an *award of damages* under § 1983' ") (emphasis added); *Brooks v. Taylor*, No. 90 Civ. 2312 (RWS), 1991 WL 67166, at *2 (S.D.N.Y. April 18, 1991). As discussed above, Tarafa seeks only money damages from defendants Schembri and Pastena.

**174**

56 L.Ed.2d 611 (1978) (holding that § 1983 does not provide for *respondeat superior* liability against municipalities). In *Williams,* the Second Circuit enumerated the various ways in which a defendant may be personally involved in a constitutional deprivation within the meaning of section 1983:

> The defendant may have directly participated in the infraction. A supervisory official, after learning of the violation through a report or appeal, may have failed to remedy the wrong. A supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue. Lastly, a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event.

781 F.2d at 323–24 (citations omitted).

■ Given these well-established principles, I have little trouble in granting defendants' motion to dismiss, despite the liberal standard applied in reviewing Tarafa's complaint. Tarafa's complaint lacks any allegation whatsoever against defendants Schembri or Pastena. There is simply no indication that defendants Schembri or Pastena even knew that the incident took place, let alone were personally involved. Furthermore, there is no allegation that the incident resulted from either a policy or custom that defendants Schembri or Pastena created or enforced. Finally, there is no allegation that either incident is attributable to defendants Schembri or Pastena's grossly negligent conduct. Accordingly, the complaint fails to state a cause of action against these defendants.

### III. *CONCLUSION*

For the reasons set forth above, defendants Schembri and Pastena's motion to dismiss is granted and the complaint is dismissed as to them.

SO ORDERED.