99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Gigi SHANES-HERNANDEZ, Plaintiff-Appellee-Cross-Appellant,
v.
Joanne M. CLEMENTONI, individually and in her capacity as a
Program Administrator for the Westchester County Office of
Employment and Training; Clyde R. Jones, individually and
in his capacity as Assistant Director of the Westchester
County Office of Employment and Training and/or Acting
Director of the Westchester County Office of Employment and
Training; John Zakian, individually and in his capacity as
Director of the Westchester County Office of Employment and
Training and/or Assistant to the County Executive for Human
Resources; Lawrence Cunningham, individually and in his
capacity as Employment Counselor for the Westchester County
Office of Employment and Training; Celia Vasquez,
individually and in her capacities as Accountant III and EEO
Officer in the Westchester County Office of Employment and
Training; Andrew P. O'Rourke, in his capacity as County
Executive of the County of Westchester; Edward P. Dowdy, in
his capacity as Director of the Westchester County Office of
Affirmative action; County of Westchester, board of
Legislators of the County of Westchester,
Defendants-Appellants-Cross-Appellees,
Martin Zeifman, individually and in his capacity as Program
Specialist; Nestor Gil; Lawrence Mizelle, each
individually and in their capacities as Employment
Counselors for the Westchester County Office of Employment
and Training, Defendants.
 Nos. 95-7001, 95-7041.
 United States Court of Appeals, Second Circuit.
 Dec. 18, 1995.
 
 1
 APPEARING FOR APPELLANTS: LINDA M. TRENTACOSTE ASSISTANT COUNTY ATTORNEY OF COUNSEL WESTCHESTER COUNTY WHITE PLAINS, NEW YORK.
 
 
 2
 APPEARING FOR APPELLEE: JONATHAN LOVETT LOVETT & GOULD WHITE PLAINS, NEW YORK.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Brieant, Judge ), and was argued.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 7
 Defendants-appellants appeal from a December 19, 1994 judgment of the district court (Brieant, J.) entered upon a jury verdict awarding plaintiff-appellee Gigi Shanes-Hernandez $285,000 against defendants-appellants Clementoni, Cunningham, Jones, Zakian, and Vasquez. Appellants challenge the judgment on the grounds that 1) appellee did not present sufficient evidence to establish a prima facie case of sexual harassment, 2) the written interrogatories were insufficient as a matter of law, and 3) the district court improperly denied appellants' request to include a jury instruction regarding the issue of qualified immunity.
 
 
 8
 Gigi Shanes-Hernandez was employed by the defendant County of Westchester in its Office of Employment and Training. Appellee presented evidence at trial that defendant Lawrence Cunningham 1) thrust his clenched fists into her face between twenty-one and twenty-eight times over the course of seven weeks, 2) grabbed her at her waist and pinched her on one occasion, and 3) pounded loudly on the wall that separated their offices while laughing loudly, and that she was aware of and intimidated by his behavior toward other female co-workers. Appellee reported Cunningham's actions to Clementoni, her supervisor, on several occasions. During this period, appellee sought counseling services and made other attempts to rectify the situation. In January 1994, appellee attended a county sexual harassment training seminar, to which she was assigned by Clementoni, with Cunningham and a female co-worker. Cunningham did not respond favorably, and the situation worsened. In February 1994, appellee made a report of sexual harassment to the Office for Women. Subsequently, some of her co-workers made her working environment extremely uncomfortable and "hostile." In March 1994, appellee was terminated from employment with the Office of Employment and Training.
 
 
 9
 The appellants argue that the appellee presented insufficient evidence to support a prima facie case of sexual harassment under Title VII. They miss the point, because none of the appellee's Title VII claims reached the jury. The jury found liability under 42 U.S.C. § 1983 for sex discrimination in violation of the Equal Protection Clause and for retaliation against a public employee on the basis of speech in violation of the First Amendment. The elements of an equal protection sexual harassment claim are not coextensive with the elements of a Title VII sexual harassment claim. Proof of a Title VII violation, while sufficient to prove sexual harassment under the Equal Protection Clause, Carrero v. New York City Housing Auth., 890 F.2d 569, 577 (2d Cir.1989), is not necessary to prove an Equal Protection violation. See Annis v. County of Westchester, 36 F.3d 251, 254 (2d Cir.1994); Gierlinger v. New York State Police, 15 F.3d 32, 34 (2d Cir.1994). However, because we find that the evidence was sufficient to sustain a jury verdict for appellee for sexual harassment under Title VII, we necessarily find that the sexual harassment verdict was proper under the Equal Protection Clause.
 
 
 10
 A hostile work environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." Harris v. Forklift Sys., Inc., 114 S.Ct. 367, 370 (1993) (internal quotations and citation omitted). The evidence of Cunningham's conduct, together with his admission that he "shadowboxed" with his wife, was sufficient to make out a sexual harassment claim. In combination, his acts altered the conditions of the appellee's employment and created an objectively hostile work environment. The conduct of the other appellants was also sufficient to support a jury verdict against them. Because the evidence supporting the appellee's claim depended largely on witness credibility determinations, we reject appellants' argument that a reasonable jury could not have found them liable for sexual harassment.
 
 
 11
 Appellants also contend that Interrogatory 3 failed to list one of the elements of a retaliation claim. Appellants' challenge to Interrogatory 3 is deemed waived for failure to make a timely objection and because they expressly approved the interrogatories. Abou-Khadra v. Mahshie, 4 F.3d 1071, 1078 (2d Cir.1993), cert. denied, 114 S.Ct. 1835 (1994). In any event, we find no error, for, as defendants concede, the trial court's instructions to the jury set forth this element.
 
 
 12
 Appellants argue that the trial court also erred in failing to instruct the jury as to a possible qualified immunity defense. Appellants were not entitled to such an instruction. Government officials exercising discretionary functions are entitled to qualified immunity if the officer's conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Appellee alleges claims under 42 U.S.C. § 1983 of sexual harassment and retaliation for exercising her free speech rights. The standards in both areas of the law were clearly established at the time the conduct occurred and a reasonable person would have known them. Appellants made no attempt to show extraordinary circumstances that might excuse them from knowledge of this law and were therefore not entitled to a qualified immunity instruction.
 
 
 13
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.