Geraldine LYON, Plaintiff,

v.

**Virginia JONES, Edward, Reynolds and Office Of The Attorney General Defendants.**

No. CIV.A.3:01–CV–521JCH.

United States District Court, D. Connecticut.

April 23, 2003.

Norman A. Pattis, Williams & Pattis, New Haven, CT, for Plaintiff.

Sharon A. Scully, Attorney General's Office Employment Rights, Hartford, CT, for Defendants.

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 35]**

HALL, District Judge.

Plaintiff, Geraldine Lyon ("Lyon"), brings claims against the defendants, Virginia Jones ("Jones"), Edward Reynolds ("Reynolds") and the Office of the Attorney General ("Attorney General") (collectively "defendants"), pursuant to section 1983, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Lyon alleges that the Office of the Attorney General subjected

her to a hostile work environment and failed to promote her on the basis of sex in violation of Title VII, and that Jones and Reynolds maliciously and arbitrarily discriminated against her, thereby denying her equal protection of the law.[1] Lyon seeks compensatory and punitive damages, attorneys fees and costs, a temporary and permanent injunction, and other fair and equitable relief.

The defendants move for summary judgment on all claims asserted. Specifically, the defendants argue that Lyon's failure to promote claims are time barred or, in the alternative, that she has not established a prima facie case with respect to those claims, that Lyon was not subjected to a hostile work environment, and that Lyon was not treated differently from other similarly situated persons. For the reasons stated below, the court grants defendants' motion.

## I.  FACTUAL BACKGROUND

At all times relevant to this action, Lyon was employed by the Office of the Attorney General for the State of Connecticut. Defendant Virginia Jones served as the Chief Administrative Officer for the Office of the Attorney General. Defendant Edward Reynolds was an Assistant Attorney General and department head of the Office of the Attorney General.

Lyon was hired in 1986 for a secretarial position in the Collections Department of the Office of the Attorney General. The following year, she was promoted to the position of Paralegal Specialist I. Beginning in 1991, Lyon inquired of Jones about a promotion to Paralegal Specialist II, believing that the quality and substance of her work warranted such an advancement. At Jones' request, Lyon filled out a three-page job duties questionnaire to facilitate the reclassification of her position to Paralegal Specialist II. In November of 1991, Jones submitted Lyon's materials, including her job duties questionnaire, to the Department of Administrative Services. After reviewing the job duties questionnaire and performing a desk audit of Lyon's job requirements, Administrative Services determined that Lyon's duties were consistent with the position of Senior Clerk, not Paralegal Specialist I. As a result, it denied her request for a reclassification to Paralegal Specialist II. In March of 1998, Lyon again requested reclassification to Paralegal Specialist II. In support of her application for promotion, Lyon prepared a formal written package detailing her qualifications and submitted it to Jones. At a meeting between Lyon, her union steward, Jones, and Reynolds on March 24, 1998, Jones informed Lyon that, in order to process her reclassification request, Administrative Services required an updated job duties questionnaire. Lyon felt that the 1991 job duties questionnaire was up to date and that her application package contained all information relevant to her request. Therefore, she did not submit an updated job duties questionnaire. By memo dated June 12, 1998, Administrative Services informed Lyon that it had insufficient information upon which to evaluate Lyon's reclassification

---

**1.**  Lyon, in her opposition to summary judgment, also claims that she was also discriminated against on the basis of her age and disability. Although Lyon's two previous complaints in this case, both of which were dismissed by the court, contained causes of action under the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq., and the Age Discrimination in Employment Act, 42 U.S.C. § 621, et seq., her second amended complaint states a cause of action under Title VII only. Claims of disability and age discrimination are not cognizable under Title VII. Therefore, Lyon's only viable claim under the statute is for sex discrimination.

request. Lyon did not receive the promotion she requested.

Since she made the formal request for promotion, Lyon claims she has been harassed and retaliated against by co-workers and supervisors. Specifically, Lyon claims that she was asked to remove a sign from outside her cubicle, wrongfully accused of harassing a male co-worker, unfairly given an unsatisfactory performance rating, and required to perform unreasonable job duties.

In support of her hostile work environment claim, Lyon points to an incident in October, 1998 in which she hung a sign outside her cubicle which read, "Give a man an inch ... and he thinks he's a Ruler." Reynolds informed Lyon that he had received complaints about the sign and asked Lyon to move it to the inside of her cubicle. She complied with the request.

On April 20, 1999, Lyon received a written reprimand for allegedly invading the personal space of her co-worker, Assistant Attorney General Glenn Woods. Lyon claims that she did nothing to deserve the reprimand, which accused Lyon of coming within an inch of Woods in the hallway, after having been warned by Reynolds to give Woods a "wide berth."

Because of her dispute with Woods and other alleged misbehavior, Lyon's performance evaluation for the period from September 1, 1998 to August 31, 1999 indicated that Lyon was rated "unsatisfactory" in the category "ability to deal with people." The rating in this category caused Lyon to receive an overall service rating of "less than good." If an employee receives two such ratings in a two-year period, that employee may be discharged from State service. After receiving this performance rating, Lyon filed a grievance to have it vacated because it was untimely filed. The State agreed, noting that the service rating was filed 25 days past the deadline

specified in Lyon's collective bargaining agreement, and removed it from her personnel file. Lyon has never received another unsatisfactory service rating.

Lyon also alleges that she was harassed because she was required to re-key information when the Office of the Attorney General began using a new database. A few months after the new database was implemented, Reynolds expressed concern over Lyon's failure to enter collection payment information into the database. He required Lyon to enter all the payment information prior to the end of the fiscal year, which was June 30, 1999. Lyon felt that, during this incident, Reynolds treated her "like an idiot," but she admitted at her deposition that the substance of Reynolds' request was not unfair.

Lyon claims that these actions constituted unlawful sex discrimination and were inspired by malice on the part of Jones and Reynolds. She claims to have suffered emotional distress and loss of employment opportunity as a result.

## II. DISCUSSION

### A. Standard

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). The burden of showing that no genuine factual dispute exists rests upon the moving party. *Marvel Characters Inc.*, 310 F.3d at 286. Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," *Anderson*, 477

U.S. at 256, 106 S.Ct. 2505, and present such evidence that would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir.2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Lucente v. International Business Machines Corp.*, 310 F.3d 243, 253 (2d Cir. 2002). "Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the moving party." *Lucente*, 310 F.3d at 254. When reasonable persons, applying the proper legal standards, could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury. *Sologub v. City of New York*, 202 F.3d 175, 178 (2d Cir.2000).

"The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505 (emphasis in original). The substantive law of the claim governs materiality, as "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. 2505.

### B. Lyon's Title VII Claims

### 1. Failure to Promote

Lyon claims that the Office of the Attorney General failed to promote her because of her sex in violation of Title VII of the Civil Rights Act of 1964. She identifies two occasions on which she requested, and was denied, a promotion: November of 1991 and June of 1998. Even if Lyon could establish at trial that the Office of the Attorney General declined to promote her based on her sex, her claim under Title VII is time barred.

A Title VII claim based on a "discrete act" must be filed with the EEOC "within the 300–day time period after the discrete discriminatory act occurred." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2072–73, 153 L.Ed.2d 106 (2002). Although Lyon argues that the Office of the Attorney General's failure to promote her constituted a continuing violation which repeated itself each day she remained in her current position, the Supreme Court has specifically identified a "failure to promote" as a "discrete act." *Id.* at 2073.

Therefore, Lyon cannot bring a claim based on a failure to promote that took place more than 300 days prior to April 18, 2000, the date in which she filed her charge with the EEOC. The 300th day preceding Lyon's complaint with the EEOC is June 23, 1999. Both of her requests for promotion were denied prior to that date. Therefore, her disparate treatment claims based on failure to promote are time barred.

### 2. Hostile Work Environment

Lyon's hostile work environment claim is not time-barred, however. "A hostile work environment claim is comprised of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.* at 2074. As a result, as long as "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* Therefore, the court will consider the merits of Lyon's hostile work environment claim.

To establish a Title VII claim based on hostile work environment, Lyon must show that she was subjected to harassment "sufficiently severe or pervasive to alter the conditions of [her] employment and create a hostile working environment," *Harris v. Forklift Systems,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993), and that the harassing conduct occurred because of her sex, *Alfano v. Costello,* 294 F.3d 365, 374 (2d Cir.2002).

In order for the harassment of Lyon to be actionable, the harassing conduct must have been "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." *Id.* at 373. The workplace must have been both objectively and subjectively hostile.

> Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment-an environment that a reasonable person would find hostile or abusive-is beyond Title VII's purview. Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation.

*Harris,* 510 U.S. at 21–22, 114 S.Ct. 367. In determining whether a workplace is hostile or abusive, the finder of fact must look to the totality of the circumstances of the workplace and the alleged harassment, circumstances which may include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23, 114 S.Ct. 367. "As a general rule, incidents must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Alfano,* 294 F.3d at 374

(quoting *Perry v. Ethan Allen. Inc.,* 115 F.3d 143, 149 (2d Cir.1997)).

■ Lyon has not presented evidence that creates a material issue of fact that the harassment of her was sufficiently severe or pervasive to create an objectively hostile work environment. Lyon has identified only four isolated incidents that she claims were harassing over a period of several years: Reynolds' request that she remove the sign from her cubicle, Reynolds' written reprimand of her for allegedly invading Attorney Glenn Woods' personal space in April of 1999, Reynolds' treatment of her when requesting that she complete the entry of payment information in April of 1999, and the poor performance rating she received in October of 1999.

These incidents of alleged harassment do not, even if based on sex, constitute a violation of Title VII. Viewed objectively, the series of isolated incidents Lyon describes did not create a work environment "severely permeated with discriminatory intimidation, ridicule, and insult." *Id.* at 373. Title VII is not a "general civility code." *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Lyon's complaints, even if proven, "attack[ ] the ordinary tribulations of the workplace." *Id.* It is precisely this type of complaint that Title VII's "severe or pervasive" requirement is designed to "filter out." *Id.*

Furthermore, Lyon has not created a material issue of fact that any of the above actions, even if harassing, were motivated by a discriminatory intent. There is no evidence in the record to support Lyon's claim that she was discriminated against on the basis of sex. Lyon has not presented any proof demonstrating either that male employees were treated more favorably than she or that Jones, Reynolds, or any other individual responsible for the harassment expressed or otherwise dem-

onstrated discriminatory animus. Therefore, defendants' motion for summary judgment is granted with respect to Lyon's hostile work environment claim.

## C.  Section 1983 Claims

### 1.  Failure to Promote

■ Lyon also claims that Jones and Reynolds irrationally and arbitrarily failed to promote her out of spite, in violation of the equal protection clause. Lyon's claim, to the extent it is based on the failure of Jones and Reynolds to promote her in 1991, is time barred. "In section 1983 actions, the applicable limitations period is found in the general or residual state statute of limitations for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir.2002)(internal quotation and citation omitted). "When a [section] 1983 action is filed in the District of Connecticut, it is subject to a three-year statute of limitations." *Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir.1998). Lyon filed her complaint in this action on April 2, 2001. Therefore, her claim based on the 1991 failure to promote is barred.

■ Her claim with respect to the failure to promote in 1998 is not time barred, however. The Department of Administrative Services determined that she would not be promoted and sent her a letter to that effect, on June 12, 1998. Lyon filed this action within three years of that date.

■ Lyon's 1998 claim for failure to promote cannot withstand summary judgment on the merits, however. In order to establish a cause of action under the equal protection clause based on a "class of one," a plaintiff must demonstrate that she is the victim of "intentional and arbitrary discrimination," *i.e.*, "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treat-

ment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564–65, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

■ Lyon has not created a material issue of fact that she was treated differently than others similarly situated. Lyon has not demonstrated that other similarly situated persons received promotions while she did not. Simply listing other individuals, in the absence of any evidence regarding their work performance or duties, who were promoted from Paralegal Specialist I to Paralegal Specialist II, is insufficient. *See Shumway v. United Parcel Service, Inc.*, 118 F.3d 60, 64 (2d Cir.1997)(a plaintiff must demonstrate that "similarly situated" persons are similarly situated in all material respects).

### 2.  Hostile Work Environment

■ Lyon also claims that Jones and Reynolds harassed her, thereby creating a hostile work environment, arbitrarily, irrationally, and based on malice. The alleged harassment Lyon experienced at work, however, is insufficiently severe or pervasive, as a matter of law, to rise to the level of a constitutional violation. A claim for harassment which creates a hostile work environment is cognizable under section 1983. *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 143–44 (2d Cir. 1993). However, not all harassment is actionable, and only "harassment that transcends coarse, hostile and boorish behavior can rise to the level of a constitutional tort." *Annis v. County of Westchester. N.Y.*, 36 F.3d 251, 254 (2d Cir.1994).

Workplace harassment claims brought under section 1983 parallel those brought under Title VII, and therefore, courts have applied the same requirements of severity and pervasiveness. *See, e.g., McPhaul v. Board of Com'rs of Madison County*, 226 F.3d 558, 566 n. 6 (7th Cir.2000)("Because

section 1983 claims generally follow the contours of Title VII claims, we will apply the same hostile environment standard that is applied in Title VII cases."); *Rafiy v. Nassau County Medical Center*, 218 F.Supp.2d 295, 305 (E.D.N.Y.2002)(requiring harassment to be severe and pervasive to be cognizable under the equal protection clause); *Lange v. Town of Monroe*, 213 F.Supp.2d 411, 423 (S.D.N.Y.2002)(same); *Ericson v. City of Meriden*, 113 F.Supp.2d 276, 290 (D.Conn.2000)(same). As discussed *supra*, Lyon has not created a material issue of fact that either Jones' or Reynolds' harassment of her was severe or pervasive enough to create a hostile work environment. Therefore, Jones and Reynolds are entitled to summary judgment on Lyon's section 1983 claim.

## III. CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment [Dkt. No. 35] is GRANTED. The clerk is ordered to close this case.

**SO ORDERED.**