**Wanda D. MOTEN, Plaintiff,**

v.

**AMERICAN LINEN SUPPLY CO., a corporation, Defendant.**

No. 93–4189–SAC.

United States District Court, D. Kansas.

March 16, 1994.

J. Patrick Walters, Harris & Walters, Topeka, KS, for plaintiff.

Randall J. Forbes, Frieden, Haynes & Forbes, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant's motion to dismiss count V of the plaintiff's complaint. This is an employment discrimination action. The plaintiff alleges that the plant manager gave her poor job reviews, that she was demoted from production manager and transferred to a newly created position of "Staff Warehouse Manager" in a newly created department, that her replacement was a young male who was paid an initial salary higher than the plaintiff's initial salary, that the newly created department was eliminated after one year and the plaintiff was terminated and not offered another available position. In sum, the plaintiff alleges she was intentionally discriminated against on the basis of her age and sex.

The plaintiff apparently also intends to bring a claim for intentional infliction of emotional distress. At count V, the plaintiff incorporates the general factual allegations of employment discrimination and then alleges: "The acts of Dana. Monks as plaintiff's supervisor were of such nature as to cause mental distress or injury to a person having ordinary feelings and intelligence and would cause mental distress to a reasonable woman." (Dk. 1 at ¶ 25). This is all that is alleged on the plaintiff's claim for intentional infliction of emotional distress. The defendant moves to dismiss this count arguing that the plaintiff does not plead the conclusion or the facts to support the conclusion that the defendant's conduct was extreme and outrageous. The defendant argues the same lack of allegations on the threshold element of extreme emotional distress.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th·Cir.1993).

█ A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987).[1] The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983) (footnote omitted).

█ Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103. If the complaint is "too general," then it will not provide fair notice to the defendant. *Boston & Maine Corp. v. Town of Hampton,* 987 F.2d 855, 865 (1st Cir.1993). Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319, 1321 (10th Cir.1977); *see Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1216 at 154–59 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Co.,* 851 F.2d 513, 515 (1st Cir.1988). In short, Rule 8(a) relieves a plaintiff from pleading technicalities and from alleging detailed facts that establish her right to judg-ment. *Trevino v. Union Pacific R. Co.,* 916 F.2d 1230, 1234 (7th Cir.1990). But, it still requires minimal factual allegations on those material elements that must be proved to recover. *See Hall v. Bellmon,* 935 F.2d at 1110.

█ Kansas recognizes the tort of intentional infliction of emotional distress or outrage. *Moore v. State Bank of Burden,* 240 Kan. 382, 388, 729 P.2d 1205 (1986), *cert. denied,* 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987). Liability under this tort arises when a person engages in extreme and outrageous conduct and thereby intentionally or recklessly causing severe emotional distress to the plaintiff. *Id.* To prevail on this claim, the plaintiff must prove:

(1) The conduct of the defendant must be intentional; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress must be extreme and severe.

*Id.* (citing *Hoard v. Shawnee Mission Medical Center,* 233 Kan. 267, Syl. ¶ 3, 662 P.2d 1214 (1983)). Conduct is not extreme and outrageous unless regarded as exceeding the bounds of decency or as utterly intolerable in a civilized society. *Wiehe v. Kukal,* 225 Kan. 478, 482, 592 P.2d 860 (1979). Liability also depends on clearing two threshold determinations by the court that "the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery; and ... [that] the emotional distress suffered by plaintiff is in such extreme degree the law must intervene because the distress inflicted is so severe that no reasonable person should be expected to endure it." *Roberts v. Saylor* 230 Kan. 289, 292–93, 637 P.2d 1175 (1981).

█ The plaintiff's count V is devoid of any factual allegations. The allegations incorporated do not supply the necessary facts. Count V does not come close to alleging the elements of the tort of outrage or the minimum of facts to support them. The alleged actions taken by the defendant are the kind

---

**1.** "[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

of "ordinary business decisions ... made every day by employers across the nation." *Anspach v. Tomkins Industries, Inc.,* 817 F.Supp. 1499, 1508 (D.Kan.1993). The alleged actions are not extreme or outrageous in character and do not become so simply because they are driven by an unlawful discriminatory motive. *See Anspach,* 817 F.Supp. at 1508; *Fletcher v. Wesley Medical Center,* 585 F.Supp. 1260, 1262 (D.Kan.1984). Employment discrimination by itself, without aggravating factors like ethnic slurs and physical threats, does "not amount to outrage." *Rupp v. Purolator Courier Corp.,* 790 F.Supp. 1069, 1073 (D.Kan.1992). Nor has the plaintiff alleged that she suffered severe or extreme emotional distress or something more than the ordinary anger and disappointment felt by employees who have been unjustly transferred or terminated. *See Polson v. Davis,* 635 F.Supp. 1130, 1151 (D.Kan. 1986); *Fletcher,* 585 F.Supp. at 1262.

Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir.1989). "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster." *Gooley v. Mobil Oil Corp.,* 851 F.2d at 515 (quoting *Sutliff, Inc. v. Donovan Companies,* 727 F.2d 648, 654 (7th Cir.1984)). Courts have dismissed claims of outrage on a Rule 12 motion when, as here, all the elements are not alleged or when the alleged conduct does not amount to extreme and outrageous under state law. *See Boisjoly v. Morton Thiokol, Inc.,* 706 F.Supp. 795, 801 (D.Utah 1988); *see, e.g., McClean v. American International Co.,* No. 92–4691, 1992 WL 301273, 1992 U.S.Dist. LEXIS 16243 (E.D.Pa. Oct. 13, 1992); *Durkin v. Brzezniak,* 1992 WL 117108, 1992 U.S.Dist. LEXIS 6702 (N.D.Ill. May 15, 1992); *Horn v. Sears, Roebuck & Co.,* No. 85–2582–C (D.Kan. Nov. 24, 1986). Uncertain of whether plaintiff can cure these pleading deficiencies, the court will give the plaintiff leave to file an amended complaint as to count V within fifteen days of this order.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss (Dk. 15) count V is granted;

IT IS FURTHER ORDERED that the plaintiff is allowed fifteen days to file an amended complaint as to count V.