25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hiram WRIGHT, Plaintiff-Appellant,
v.
MONTGOMERY WARD & COMPANY, Defendant-Appellee.
 No. 93-3070.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1994.
 
 1
 D. Kan., No. 91-4241-DES.
 
 
 2
 D.Kan., 814 F.Supp. 986.
 
 
 3
 AFFIRMED.
 
 
 4
 Before LOGAN and MCKAY, Circuit Judges, and SAM, District Judge.*
 
 
 5
 ORDER AND JUDGMENT**
 
 
 6
 SAM, District Judge.
 
 
 7
 Plaintiff and appellant Hiram Wright appeals an award of summary judgment on all claims entered in favor of defendant and appellee Montgomery Ward & Company by the United States District Court for the District of Kansas.
 
 
 8
 Montgomery Ward suspected Mr. Wright, a former sales clerk, of theft and informed the police. After being tried and acquitted of theft charges, Mr. Wright filed this action against Montgomery Ward, alleging claims of false imprisonment, malicious prosecution, intentional infliction of emotional distress, and violation of his civil rights under 42 U.S.C. Sec. 1983.
 
 
 9
 On appeal, "[w]e review summary judgment orders de novo, using the same standards applied by the district court." Martin v. Nannie and the Newborns, Inc., 3 F.3d 1410, 1414 (10th Cir. 1993); accord Taylor v. Phelan, 9 F.3d 882, 884 (10th Cir. 1993). We examine the record below " 'liberally in favor of the party opposing the motion for summary judgment.' " City of Chanute v. Williams Natural Gas Co., 955 F.2d 641, 647 (10th Cir.) (quoting McKenzie v. Mercy Hosp., 854 F.2d 365, 367 (10th Cir. 1988)), cert. denied, --- U.S. ----, 113 S.Ct. 96 (1992); accord Smalley & Co. v. Emerson & Cuming, Inc., 13 F.3d 366, 367 (10th Cir. 1993).
 
 
 10
 Summary judgment is proper only when the pleadings, affidavits, depositions, or admissions establish there is no genuine issue regarding any material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; accord Martin, 3 F.3d at 1414. In summary judgment proceedings, the question is not whether the judge "thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); accord City of Chanute, 955 F.2d at 647.
 
 
 11
 Having heard oral argument in this matter and reviewed the record in the light most favorable to Mr. Wright, we conclude there are no genuine issues of material fact precluding summary judgment in favor of Montgomery Ward. Therefore, for the reasons set forth in the district court's Memorandum and Order 814 F.Supp. 986, dated February 3, 1993, we AFFIRM the district court's award of summary judgment in all respects.
 
 
 
 *
 The Honorable David Sam, United States District Judge for the District of Utah, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. See 151 F.R.D. 470