**Sherry L. HOUCK, Plaintiff,**

v.

**CITY OF PRAIRIE VILLAGE, KANSAS, Charles F. Grover and Barbara Vernon, Defendants.**

**No. 95–4067–RDR.**

United States District Court, D. Kansas.

Jan. 16, 1996.

Harold S. Youngentob, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Sherry L. Houck.

Patricia A. Bennett, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Steven D. Steinhilber, Thaddeus J. McDonald, III, Sherman, Taff & Bangert, P.C., Kansas City, MO, for City of Prairie Village, Kansas.

Patricia A. Bennett, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, for Charles F. Grover, Barbara Vernon.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This case arises from plaintiff's employment as a community services officer and a public works employee with the City of Prairie Village. Plaintiff has filed a complaint asking for relief under the Civil Rights Act of 1991, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the Kansas Act Against Discrimination, and the common law tort of outrage.

This case is now before the court upon defendants Charles Grover's and Barbara Vernon's motion to dismiss and for summary judgment. In response to the instant motion, plaintiff has conceded the dismissal of defendant Grover. Plaintiff has also stated that she will not proceed against defendant Vernon, as an individual, with any claim involving the application of the Prairie Village anti-nepotism policy. Accordingly, in this opinion, the court shall focus upon other claims against defendant Vernon.

### Verified allegations, uncontroverted facts, and contentions of the parties

Plaintiff worked as a community service officer (CSO) for the City of Prairie Village from May 21, 1990 until September 7, 1992 when she transferred to the public works department. She transferred because she learned her CSO position would be abolished at the end of 1992. Plaintiff alleges that while she was a CSO she was required to do more work than a male counterpart, Bill Price. She also alleges that she did superior work as a CSO and, therefore, her position should not have been eliminated; instead, the position of Bill Price, who had six months more seniority, should have been eliminated.

In 1991 and 1993, plaintiff unsuccessfully applied to become a police officer with the City of Prairie Village. In January 1994 plaintiff was also rejected for a position as a dispatcher. Plaintiff asserts that she was asked improper questions in 1991. Her complaint to the Civil Service Commission on this point was investigated and rejected by defendant Vernon. In 1993 and 1994 an anti-nepotism policy was applied to deny plaintiff positions with the police department and as a dispatcher.

Plaintiff alleges that she suffered in a hostile working environment after she transferred to the public works department. She initially complained to defendant Vernon, who transferred plaintiff to a different crew and gave a warning to a public works employee. Plaintiff contends the harassment continued to exist and, in response to her complaints, she was reprimanded. She asserts that defendant Vernon rejected plaintiff's appeal of the reprimand. Plaintiff further asserts that she suffered discrimination in the terms and conditions of her employment in the public works department. Plaintiff had the alternative of appealing adverse decisions upon her complaints to the Mayor of Prairie Village.

Some other employees of the City of Prairie Village have filed employment discrimination complaints which have been summarized in a local newspaper article.

In general, plaintiff asserts: that defendant Vernon conducted biased and incomplete investigations of her complaints; that she made retaliatory decisions in response to plaintiff's complaints; that she took inappropriate remedial action; and that she was indifferent to or participated in discrimination and harassment as a supervisor of the police and public works departments. Defendant Vernon has stated in an affidavit that she has never retaliated against any employee for protected activity and that she has never discriminated against plaintiff or other employees in applying personnel rules and policies.

### Standard of review

The general guidelines for analyzing summary judgment motions were reviewed by the Tenth Circuit in *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993):

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 91 L.Ed.2d 202, 106 S.Ct. 2505, 2509 (1986); *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir.1991). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L.Ed.2d 265, 106 S.Ct. 2548, 2553 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991). If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 89 L.Ed.2d 538, 106 S.Ct. 1348, 1355–56 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Applied Genetics Int'l v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

■ The standard for dismissal on a Federal Rule of Civil Procedure 12(b)(6) motion is well-established: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The court must accept as true all well-pleaded allegations and must draw all reasonable inferences in favor of the plaintiff. *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977); *Mortensen v. First Federal Savings & Loan Association*, 549 F.2d 884, 891 (3d Cir.1977).

### Section 1983

Defendant Vernon has made an assortment of arguments against plaintiff's § 1983 claims. The court shall address these arguments in the order in which they were presented in defendant's motion.

■ Defendant Vernon's first argument is that actions in investigating or deciding employee grievances do not create a basis for a sexual · discrimination complaint under § 1983. While we have no comment upon the underlying strength of plaintiff's claim, we do believe an allegation that an investigator improperly investigated claims of sexual harassment because of sexual bias does state a claim under § 1983. The Tenth Circuit has held that sexual harassment under color of state law violates the Equal Protection clause. *Woodward v. City of Worland*, 977 F.2d 1392, 1397–98 (10th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3038, 125 L.Ed.2d 724 (1993). "Section 1983 liability can be imposed upon individual employers, or responsible supervisors, for failing properly to investigate and address allegations of sexual harassment when through this failure, the conduct becomes an accepted custom or practice of the employer." *Gierlinger v. New York State Police*, 15 F.3d 32, 34 (2nd Cir.1994). See also, *Cross v. State of Alabama*, 49 F.3d 1490, 1508 (11th Cir.1995); *Fuller v. City of Oakland*, 47 F.3d 1522, 1534–35 (9th Cir.1995); *Bator v. State of Hawaii*, 39 F.3d 1021, 1029 (9th Cir.1994) ("A supervisor who has been apprised of unlawful harassment ... should know that her failure to investigate and stop the harassment is itself unlawful"); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1479 (3rd Cir. 1990); *Bohen v. City of East Chicago*, 799 F.2d 1180, 1185–87 (7th Cir.1986). We believe the improper investigation claim does describe a viable cause of action under § 1983.

■ Defendant Vernon next accuses plaintiff of making only broad allegations in the nature of vicarious liability. It is correct that respondeat superior or vicarious liability does not have application under § 1983. E.g., *Langley v. Adams County*, 987 F.2d 1473, 1481 (10th Cir.1993). "A supervisor is not liable under § 1983 unless an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.1993) (citing *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir.1988)). However, while plaintiff makes some broad allegations against Vernon, plaintiff also alleges direct involvement in improper investigations and retaliatory and discriminatory actions. See Count V of the complaint. Consequently, a motion to dismiss cannot be granted on this ground.

■ Nor is summary judgment proper on the rather limited record before the court. Defendant has supported the summary judgment motion with an affidavit which makes a very broad denial of the charges. She has also attached records of the handling of plaintiff's grievances. But, she has not specified in an affidavit the objectively reasonable grounds for her actions. Nor has she supported her motion with sworn statements from other persons regarding her efforts to investigate plaintiff's grievances. The records of her actions are somewhat helpful. But, they are hearsay and the product of what plaintiff already alleges to be a biased investigation. In summary, at this stage we do not believe defendant has done enough under the *McDonnell Douglas* framework to shift the burden to plaintiff to come forward with additional evidence to avoid summary judgment.

■ Defendant's next argument criticizes plaintiff's "conclusory" allegations of an intent to retaliate. Defendant asserts these allegations are insufficient to state a claim under § 1983. Rather than directly address whether the allegations are sufficiently specific, we shall follow the holding in *Long v. Laramie County Community College Dist.*, 840 F.2d 743, 752 (10th Cir.) *cert. denied*, 488 U.S. 825, 109 S.Ct. 73, 102 L.Ed.2d 50 (1988). There, the court stated that there was not liability under § 1983 for retaliatory conduct which itself is actionable under Title VII. Consequently, the court shall consider the retaliatory actions generally alleged in the complaint as part of plaintiff's harassment claim under § 1983, but not as a separate claim of retaliation under § 1983.

■ Next, defendant claims her motion should be granted because she is entitled to qualified immunity from liability under § 1983. This contention again must be based upon a showing of objective reasonableness by defendant, since defendant does not assert that the right allegedly violated was not clearly established. See *Gehl Group v. Koby*, 63 F.3d 1528, 1533–35 (10th Cir. 1995). The court does not believe a sufficient showing of objective reasonableness has been established by defendant's affidavit and the attached exhibits. Therefore, at this stage the court shall deny defendant's claim of qualified immunity.

Defendant also argues that she should prevail in her motion because she was not the final authority for some of the actions which plaintiff claims violated plaintiff's rights. Since plaintiff had an option of appealing to a higher authority, defendant asserts that she should not be found liable. Defendant cites *Jantz v. Muci*, 976 F.2d 623 (10th Cir.1992) for this contention. This argument is off the mark.

■ The issue in *Jantz* was whether a school district could be liable for the personnel recommendations of a principal when the school district retained final authority to review those decisions. The court held that the principal did not represent the school district for the purpose of the hiring decisions because the school board retained the right to review those decisions. The *Jantz* case said nothing about the liability of the

principal, as an individual, for discriminatory actions which affected an employment decision. Nor did it address the liability of a subordinate for employment decisions which were not considered by a superior authority. Those are the issues in this case regarding defendant Vernon. Since defendant Vernon is alleged to have direct involvement in discriminatory and retaliatory actions which were part of the harassment and discrimination alleged by plaintiff, there is a sufficient basis alleged for her liability under § 1983. See *Wulf v. City of Wichita*, 883 F.2d 842, 863–64 (10th Cir.1989).

■ Defendant's next argument is that liability under § 1983 is precluded by Title VII. The many cases cited previously in this opinion which recognize a cause of action for sexual harassment under § 1983 show that Title VII does not preclude plaintiff's harassment claim under § 1983 in the instant case. E.g., *Starrett*, 876 F.2d at 813–14. Nor do we believe this conclusion must be altered by the passage of the Civil Rights Act of 1991. *Beardsley v. Webb*, 30 F.3d 524, 526–27 (4th Cir.1994); *Ribot Espada v. Woodroffe*, 896 F.Supp. 69, 71 (D.P.R.1995); see also, *Annis v. County of Westchester*, 36 F.3d 251, 255 (2nd Cir.1994) (denying preclusion, but not specifically discussing the Civil Rights Act of 1991).

### Outrage

■ Defendant's final argument seeks the dismissal of plaintiff's outrage claim. There are two threshold requirements for the trial court's determination when a claim of outrage is asserted: "(1) whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery and (2) whether the emotional distress suffered by the plaintiff is of such extreme degree the law must intervene because no reasonable person should be expected to endure it." *Fusaro v. First Family Mortgage Corporation, Inc.*, 257 Kan. 794, 897 P.2d 123, 131 (1995).

■ "[F]or conduct to be deemed sufficient to support the tort of outrage, it must be so outrageous in character and so extreme in degree as to go beyond the bounds of decency and to be regarded as atrocious and

utterly intolerable in a civilized society." *Id.* "The classic test is that liability may be found to exist when the recitation of the facts to an average citizen would arouse resentment against the actor and lead that citizen to spontaneously exclaim, 'Outrageous!' " *Id.*

The Tenth Circuit has noted that "Kansas courts are reluctant to extend the outrage cause of action to discrimination and harassment claims." *Bolden v. PRC, Inc.,* 43 F.3d 545, 554 (10th Cir.1994) *cert. denied,* —— U.S. ——, 116 S.Ct. 92, 133 L.Ed.2d 48 (1995). Many cases may be cited to support that conclusion. E.g., *Moten v. American Linen Supply Co.,* 155 F.R.D. 202 (D.Kan.1994); *Byle v. Anacomp, Inc.,* 854 F.Supp. 738 (D.Kan.1994).

 The allegations in plaintiff's complaint are insufficient to state a claim of outrage against defendant Vernon. Plaintiff alleges that defendant Vernon: failed to investigate her grievances properly; retaliated against plaintiff for filing grievances; and was indifferent to or promoted a hostile working environment and disparate conditions of employment. However, there are no specific allegations of misconduct so extreme and outrageous as to warrant recovery for outrage. See *West v. Boeing Co.,* 843 F.Supp. 670, 678 (D.Kan.1994); *Anspach v. Tomkins Industries, Inc.,* 817 F.Supp. 1499, 1505–09 (D.Kan.1993), *aff'd,* 51 F.3d 285 (10th Cir.1995) (table).

Plaintiff has asked for comparison to cases like *Laughinghouse v. Risser,* 754 F.Supp. 836 (D.Kan.1990) where this court permitted an outrage claim to proceed to a jury. Some working environments are more "hostile" than others. While the court is not passing judgment at this stage on plaintiff's harassment claim, the allegations she has made are far less extreme than the allegations and evidence in the *Laughinghouse* case. There is no specific allegation in plaintiff's complaint to suggest that the working environment plaintiff endured was so egregious that it would be considered intolerable in a civilized society.

However, the court shall grant plaintiff ten days to amend the complaint to include any additional factual allegations which she believes would state a claim of outrage.

## *Rule 56(f)*

 As an alternative to granting defendant's motion, plaintiff has asked for additional time under FED.R.CIV.P. 56(f) to conduct discovery. Aside from the claims which plaintiff has agreed to withdraw, the court is dismissing two claims in this opinion. The court is dismissing a separate claim under § 1983 alleging retaliation. The court is holding that retaliation must be considered part of a harassment claim under § 1983. The court is also dismissing plaintiff's outrage claim as inadequately pleaded. The proposed discovery suggested by plaintiff would not cause the court to alter either one of these holdings. Therefore, the court shall not defer either holding to permit plaintiff to engage in additional discovery.

## *Conclusion*

Before summarizing the rulings previously discussed in this order, the court will comment on some other matters raised by the parties. Both sides have made legitimate objections to conclusory and self-serving affidavits as well as amorphous or shotgun claims and defenses. While the objections are well-taken, frankly it is difficult for the court to conceive of a fair way to penalize either side for the objectionable procedures that both sides have practiced. Suffice it to say that it has made the court's work more difficult than it otherwise should be. The court sincerely urges the parties to more specifically delineate and substantiate their claims and defenses in the future.

The court shall not grant plaintiff's motion to strike. Doc. No. 28. But, the court took into account the "conclusory" nature of defendant Vernon's affidavit in making rulings in this order. The court shall not address the statute of limitations issue raised on behalf of defendant Vernon because the issue was raised as regards defendant Vernon only in defendant's reply brief.

The court shall grant in part and deny in part defendants' motion to dismiss or for summary judgment. Defendant Grover shall be dismissed from this case. The court shall dismiss any claim against defendant Vernon under § 1983 which is based solely upon retaliation. The court shall also dismiss any

claim against defendant Vernon under § 1983 which is based upon her application of the Prairie Village anti-nepotism policy. Finally, plaintiff's outrage claim against defendant Vernon is dismissed. Plaintiff is granted ten days to amend the complaint to sufficiently state a claim of outrage against defendant Vernon.

**IT IS SO ORDERED.**