Jacob **KOHN** and Ita Willen, Plaintiffs,

v.

**AMERICAN HOUSING FOUNDATION I, INC. and National Health Care Affiliates, Inc., Defendants.**

Civil Action No. 96–WM–1903.

United States District Court, D. Colorado.

Dec. 19, 1996.

---

Kathleen Mullen and John R. Holland, Denver, Colorado, for Plaintiffs.

Thomas Quinn, White & Steele, Denver, Colorado and Bruce Montoya, Pryor, Johnson, Montoya Carney & Karr, Englewood, Colorado, for Defendants.

## MEMORANDUM OPINION AND ORDER

MILLER, District Judge.

Plaintiff Jacob Kohn has moved to amend his self-styled class action Complaint in order to add plaintiffs, clarify the class definition and add a class claim for relief, citing Rules 15(a), 20, 23(d)(2) and 24, Fed.R.Civ.P., and related cases as authority. Plaintiff tendered a prolix (101 pages with lengthy exhibits) First Amended Complaint with his Motion.

Defendants oppose the amendment on various grounds, including the absence of commonality of factual and legal grounds, arguing that each Plaintiff has fact-specific claims.

This is an intended class action for a class composed of defined residents of the Julia Temple Center, a residential nursing or care facility owned by one Defendant and operated by the other. Generally, the claims allege sub-standard care of dependent residents in violation of federal and state standards, particularly because of inadequate and unqualified staff. Specifically, damages are sought for (1) violation of the Colorado Consumer Protection Act; (2) breach of Medicare contracts of which Plaintiff is a third party beneficiary; and (3) negligence and negligence per se.

Leave to amend is "freely given when justice so requires," Fed.R.Civ.P. 15(a), a decision within my discretion. *Polin v. Dun & Bradstreet, Inc.,* 511 F.2d 875, 877 (10th Cir.1975). Although Rule 15 may be generally applicable, the focus of this dispute is whether additional plaintiffs may be joined under Rule 20(a); in particular, are the claims "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and will "any questions of law or fact common to all these persons ... arise in the action"? Does such

relationship and commonality exist in this matter?

Rule 20 serves trial convenience, expedites determination of disputes, and avoids multiple lawsuits. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974). Based upon the Complaint, there are common occurrences or series of occurrences as well as common questions of law and fact.

■ That there may be distinctive treatment of each Plaintiff is not determinative. Absolute identity of events is not necessary. *Id.*, at 1333. In an action by handicapped students alleging abuse by school officials, joinder was proper despite the fact that plaintiffs attended the school at different times and alleged abuse by different school personnel. *Geir v. Educational Service Unit No. 16*, 144 F.R.D. 680 (D.Neb.1992). *See also Guedry v. Marino*, 164 F.R.D. 181 (E.D.La.1995) (joinder of claims of terminated deputies permissible because of at least one common question of law or fact even though individual claims are distinguishable); *Mosley v. General Motors Corp.*, 497 F.2d at 1334 (joinder proper where discriminatory nature of defendant's act was basic to all plaintiffs even though each may have suffered different effects from the alleged discrimination); *McLernon v. Source Int'l, Inc.*, 701 F.Supp. 1422 (E.D.Wis.1988) (noting that requisite commonality exists where alleged misrepresentations are uniform to all class members even if reliance and damages are unique to each plaintiff).

The authorities upon which Defendants rely tend to concern claims which arose from distinct or separate incidents. *See, e.g., Demboski v. CSX Trans., Inc.*, 157 F.R.D. 28 (S.D.Miss.1994) (four separate railroad crossing accidents at different times, involving different trains, crews, and driver conduct); *Grayson v. K–Mart Corp.*, 849 F.Supp. 785 (N.D.Ga.1994) (age discrimination cases involving plaintiffs who worked in different stores, in different states, and under different managers).

Here the policy favoring joinder is served by the common locale, close proximity in time, and common allegations of inadequate staffing and violations of state and federal standards. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724–25, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

A factor in this decision is the present stature of this case and the recognition that joinder does not bar the Defendants from later moving for separate trials pursuant to Rule 20(b) or Rule 42(b), Fed.R.Civ.P., should discovery reveal that severance or bifurcation is appropriate.

■ The decision to allow the joinder is not an acceptance of the tendered Complaint, however, which violates the plain mandate of Rule 8(a) that it be "a short and plain statement" of claims. The function of a complaint remains to give notice to adverse parties sufficient to enable them to respond. "Unnecessary prolixity" imposes an "unjustified burden on the Court and [the Defendants]." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir.1988) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)). Plaintiffs' tendered Complaint is unnecessarily burdensome and may be significantly reduced without prejudicing any claim. As simple examples, and not to the exclusion of other justifiable deletions, Plaintiffs should consider editing or eliminating the following: the unnecessary introduction, lengthy quotations of statutes and regulations, and the attachment of lengthy exhibits. In addition, pleading of excessive detail such as paragraph 137 is inconsistent with Rule 8(a) and is not necessary to give notice of claims (the introductory sentence of paragraph 137 suffices without 69 specific examples).

Accordingly, the following orders are entered:

1. Plaintiff Jacob Kohn's Motion for Leave to File the Attached First Amended Complaint is denied; and

2. Plaintiffs are granted leave to amend the Complaint by the joinder of the additional plaintiffs, clarification of the alleged class, and the addition of a class claim for relief upon the following conditions:

a. The Amended Complaint is filed on or before January 10, 1997; and

b. The Amended Complaint complies with the requirements of Rule 8(a) and the spirit of D.C.COLO.LR 7.1H.

This Order is without prejudice to the right of Defendants to move for separate trials pursuant to Rule 20(b) or Rule 42(b) upon completion of discovery.