**Okechukwu NWAKPUDA, Plaintiff,**

v.

**FALLEY'S, INC., Defendant.**

**No. Civ.A. 98–2116–EEO.**

United States District Court,
D. Kansas.

July 10, 1998.

Evelyn Z. Wilson, Michael M. Walker, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, KS, for Plaintiff.

David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, for Defendant.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant's motion to dismiss and/or strike (Doc. # 3). After careful consideration of the parties' briefs, the court is prepared to rule. For the reasons set forth below, defendant's motion is granted in part and denied in part.

### Factual Background

The following is a brief summary of the factual allegations of plaintiff's complaint viewed in the light most favorable to plaintiff. Plaintiff is a citizen of Nigeria and a resident of Topeka, Kansas. Defendant Falley's, Inc. ("Falley's") is a Kansas corporation and operates a grocery store at 37th and Burlingame in Topeka, Kansas. On April 25, 1997, as plaintiff was paying for his groceries, Victoria Carey, a store clerk, alleged that plaintiff was the individual who previously robbed the Falley's store. Plaintiff was detained by Rob Hofler, a Falley's store manager, and other employees. Falley's employees did not disclose to plaintiff the reasons for his detention despite plaintiff's repeated requests. Falley's employees simply responded with no explanation or that the police had been called and the police would explain things to him when they arrived. The police arrived more than twenty minutes after plaintiff had been originally detained. After the police reviewed plaintiff's identification and talked to employees of Falley's, the police told plaintiff he could leave. Mr. Hofler told plaintiff that the man who had previously robbed the store was a black man and that he did not find it easy to identify one black man from the other.

### Motion To Strike Standards

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may order stricken from any pleading "any redundant, immaterial, impertinent or scandalous matter." The court notes that motions to strike under Rule 12(f) generally are disfavored. *See Resolution Trust Corp. v. Scaletty,* 810 F.Supp. 1505, 1515 (D.Kan.1992). The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *See F.D.I.C. v. Niver,* 685 F.Supp. 766, 768 (D.Kan.1987); *Weber v. School Dist. of Philadelphia,* 465 F.Supp. 1371, 1391 (E.D.Pa.1979); *SEC v. Jos. Schlitz Brewing Co.,* 452 F.Supp. 824, 833 (E.D.Wis.1978). If there is any doubt as to whether under any contingency certain matter may raise an issue, the motion should be denied. If evidentiary facts are pleaded, and they aid in giving a full understanding of

the complaint as a whole, they need not be stricken. 2A **Moore's Federal Practice** ¶ 12.21[2] n. 4 (J. Moore, J. Lucas & G. Grotheer 2d ed.1990). Finally, we note that a rule 12(f) motion is not the appropriate method to challenge the factual support for an allegation. *See Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572, 575 (M.D.Fla.1993).

### Motion To Dismiss Standards

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). A court judges the sufficiency of the complaint by accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of plaintiff. *See Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). "[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The issue in resolving a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed, but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). If the complaint is "too general," then it will not provide fair notice to the defendant. *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993).

■■■ A plaintiff is not required to state precisely each element of the claim. *See* 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1216, at 154–59 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). In short, Rule 8(a) relieves a plaintiff from

pleading technicalities and from alleging detailed facts that establish her right to judgment. *See Trevino v. Union Pacific R.R. Co.*, 916 F.2d 1230, 1234 (7th Cir.1990). Rule 8(a), however, still requires minimal factual allegations on those material elements that must be proved to recover on each claim. *See Hall*, 935 F.2d at 1110. A court may not assume that a plaintiff can prove facts that it has not alleged, or that the defendant has violated laws in ways that plaintiff has not alleged. *See Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

### Analysis

### I. Defendant's Motion To Strike.

■■■ Defendant moves to strike ¶ 19 of plaintiff's complaint on the ground that the allegations contained therein are immaterial and scandalous. Plaintiff alleges in ¶ 19 that "[o]n information and belief, defendant has engaged in a pattern or practice of arresting or detaining shoppers who are people of color at a significantly greater rate than it arrests or detains white shoppers. Plaintiff's detention was a part of this pattern or practice." Defendant claims that plaintiff's allegation is part of a fishing expedition for the purpose of oppressive discovery. In effect, defendant requests that the court test the sufficiency of the factual support for plaintiff's allegations on a motion to strike. As noted above, rule 12(f) does not authorize a court to judge the factual sufficiency of plaintiff's allegations. *See Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572, 575 (M.D.Fla.1993).

Defendant's claim that plaintiff's allegations of race discrimination inject scandalous matter into the proceeding is without merit. If the court characterized plaintiff's allegations of racial discrimination as scandalous, very few, if any, plaintiffs could state a claim under section 1981. A plaintiff can allege a cause of action under section 1981 "only by alleging a deprivation of rights because of class-based animus, such as discrimination on the basis of race." *Ulmer v. City of Overland Park, Kan.*, 784 F.Supp. 807, 812 (D.Kan.1992) (citing *Saint Francis College v. Al–Khazraji*, 481 U.S. 604, 613, 107 S.Ct.

2022, 95 L.Ed.2d 582 (1987)). Plaintiff's allegation of race discrimination in ¶ 19 of his complaint merely sets forth one of the required elements of a section 1981 claim.

For the above reasons, defendant's motion to strike ¶ 19 of plaintiff's complaint will be denied.

## II. Defendant's Motion To Dismiss.

### A. Section 1981 Claim (Count I).

Defendant also moves to dismiss plaintiff's section 1981 claim. Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property *as is enjoyed by white citizens,* and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981 (emphasis added). In addition to ¶ 19 discussed above, plaintiff alleges in his complaint that defendant "detained plaintiff without a factual basis, for an unreasonable time and in an unreasonable manner, because of his race. Defendant would not have treated and does not treat white customers in the same manner." Compl. ¶ 18.

 Defendant argues that plaintiff has alleged "no discrete facts" that would subject Falley's to a section 1981 claim, *i.e.,* plaintiff has failed to allege facts sufficient to link his particular incident to a corporate-wide policy of discrimination. Plaintiff adequately described his treatment at Falley's and alleged that his treatment was consistent with a corporate-wide pattern or practice. We note that plaintiff is not required to allege "discrete facts" under the notice pleading standards of rule 8(a) of the Federal Rules of Civil Procedure. At this point, plaintiff does not have to come forward with evidence showing a casual link between his treatment and the alleged corporate policy. Plaintiff has provided a short and plain statement of his claim sufficient for defendant to prepare a responsive pleading. *See Mountain View Pharmacy v. Abbott Labs.,* 630 F.2d 1383, 1388 (10th Cir.1980) ("factual pleading is required only insofar as it is necessary to place a defendant on notice as to the type of claim alleged and the grounds upon which it rests, thereby enabling a defendant to prepare a responsive pleading"). Accordingly, the purposes of the notice pleading requirements of rule 8(a) have been met. *See Evans v. McDonald's Corp.,* 936 F.2d 1087, 1091 (10th Cir.1991); *Kohn v. American Housing Foundation I, Inc.,* 170 F.R.D. 474, 476 (D.Colo.1996).

### B. Negligent Supervision Claim (Count III).

 Defendant moves to dismiss plaintiff's claim for negligent supervision and retention. Kansas law recognizes a claim by non-employee third parties for negligent supervision and retention. *See Beam v. Concord Hospitality, Inc.,* 873 F.Supp. 491, 503 (D.Kan.1994); *Kansas State Bank & Trust Co. v. Specialized Transp. Serv., Inc.,* 249 Kan. 348, 362, 819 P.2d 587, 598 (1991). Defendant argues that plaintiff's negligence claim fails to state a claim because plaintiff alleges only psychological injury. Plaintiff correctly points out that damages for psychological injuries are recoverable if the defendant's conduct is "gross and wanton." *See Perry v. Saint Francis Hosp. & Med. Ctr., Inc.,* 865 F.Supp. 724, 729 (D.Kan.1994) ("Damages for emotional distress are recoverable 'in cases of a wrong where the act is wanton or willful or where the act is committed with malice and intended to cause mental distress.' ") (quoting *Bowman v. Doherty,* 235 Kan. 870, 876, 686 P.2d 112, 118 (1984)). Defendant claims that the exception in *Bowman* is inapplicable because the plaintiff has failed to allege what specific conduct put Falley's on notice that any of its employees posed an unreasonable risk of injury to the general public. Accepting as true the well-pleaded factual allegations of plaintiff's complaint and drawing all reasonable inferences in plaintiff's favor, we find that plaintiff has sufficiently stated a claim for negligent supervision and retention. Dismissal of plaintiff's claim is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Plaintiff alleges that defendant breached its duties to hire, employ,

supervise, and train its employees and to retain only those employees who did not pose an unreasonable risk of injury to the general public. *See* Compl. ¶¶ 31–33. Once again, we note that plaintiff does not have to come forward with specific evidence at this point to support his allegations in the complaint. For the above reasons, defendant's motion to dismiss as to count III will be denied. The court notes, however, that plaintiff's claim in count III is limited to those damages 'which resulted from defendant's gross and wanton conduct.'

### C. *Outrage Claim (Count VII).*

Defendant moves to dismiss plaintiff's claim of intentional infliction of emotional distress or outrage. To state a claim, plaintiff must allege that (1) the conduct of the defendant was intentional or in reckless disregard of plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) plaintiff's mental distress was extreme and severe *Roberts v. Saylor,* 230 Kan., 289, 292, 637 P.2d 1175, 1179 (1981). Plaintiff also must meet two threshold requirements to maintain a claim for outrage. The court must be convinced that reasonable fact finders might differ as to "(1) [w]hether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery; and (2) whether the emotional distress suffered by plaintiff is in such extreme degree the law must intervene because the distress inflicted is so severe that no reasonable person should be expected to endure it." *Id.,* 230 Kan. at 292–93, 637 P.2d at 1180. In Kansas, these threshold requirements are substantial and can be surmounted only in rare cases of significantly egregious circumstances. Here, plaintiff cannot meet either threshold requirement. Plaintiff alleges essentially that defendant's outrageous conduct consisted of "detaining plaintiff without justification, communicating false information regarding plaintiff to the public, and in refusing to explain to plaintiff the basis of why he was being detained." Compl. ¶ 51.

First, plaintiff has not alleged facts showing that defendants' conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. In *Rob-erts,* the court admonished that "liability may be found only in those cases where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond the bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.... [L]iability may be found to exist generally in a case when the recitation of facts to an average citizen would arouse resentment against the actor, and lead that citizen to spontaneously exclaim, 'Outrageous!'" 230 Kan. at 293, 637 P.2d at 1179 (citing *Dotson v. McLaughlin,* 216 Kan. 201, 531 P.2d 1 (1975)); *see Taiwo v. Vu,* 249 Kan. 585, 592–93, 822 P.2d 1024, 1029 (1991). The Kansas Supreme Court further cautions that "liability does not arise from mere insults, indignities, threats, annoyances, petty expressions, or other trivialities." *Roberts,* 230 Kan. at 293, 637 P.2d at 1179. Liability for the tort of outrage rarely arises in the discrimination and harassment context. *See Bolden v. PRC, Inc.,* 43 F.3d 545, 554 (10th Cir.1994), *cert. denied,* 516 U.S. 826, 116 S.Ct. 92, 133 L.Ed.2d 48 (1995); *Moten v. American Linen Supply Co.,* 155 F.R.D. 202, 205 (D.Kan.1994).

Plaintiff's outrage claim is based on his allegations that Ms. Carey misidentified plaintiff as the individual who previously robbed her, defendant's employees detained plaintiff for 20 minutes, and defendant's employees refused to tell plaintiff why he was being detained except to tell plaintiff that "the police would explain things when they arrive[ ]." Plaintiff's conclusory allegations that defendant's conduct went "beyond all bounds of decency and would be considered [ ] atrocious and utterly intolerable" by an average citizen are not entitled to any pleading deference. Compl. ¶ 53. Plaintiff's detention at most could be described as unfortunate and embarrassing, but not "outrageous." Defendant's alleged conduct certainly does not resemble an "uncivilized barbarism." *Polson v. Davis,* 635 F.Supp. 1130, 1151 (D.Kan.1986) (quoting *Fletcher v. Wesley Med. Ctr.,* 585 F.Supp. 1260, 1262 (D.Kan.1984)), *aff'd,* 895 F.2d 705 (10th Cir.1990). "Quite a bit more—such as the endless stream of vulgar, racist invective and threats of violence uttered by the defendant in *Gomez v. Hug,* 7 Kan. App.2d 603, 645 P.2d 916 (1982)—must ac-

company [these actions if they are] to be deemed 'outrageous.'" *Polson*, 635 F.Supp. at 1151 (quoting *Fletcher*, 585 F.Supp. at 1262). Indeed, defendant's employees simply detained plaintiff as a suspect, without any alleged physical touching or verbal abuse, and waited for the police to arrive— conduct which cannot be characterized as intolerable in our society as a matter of law. *See Wright v. Montgomery Ward & Co., Inc.*, 814 F.Supp. 986, 991 (D.Kan.1993) ("The court does not discount that if the plaintiff was falsely accused of a crime, it was unfortunate and surely upsetting to say the least. The defendant's actions, however, were not so egregious as to incur liability in this case."), *aff'd*, 25 F.3d 1059, 1994 WL 170864 (10th Cir.1994); *see also Oleson v. KMart Corp.*, No. 96–4066–SAC, 1996 WL 772604, at *8 (D.Kan. Dec. 5, 1996) (dismissing outrage claim where plaintiff alleged his employer required him to come to work when he was sick with bronchitic asthma); *Houck v. City of Prairie Village, Kan.*, 912 F.Supp. 1438, 1444 (D.Kan.1996) (dismissing outrage claim where plaintiff alleged that her supervisor "failed to investigate her grievance properly; retaliated against plaintiff for filing grievances; and was indifferent to or promoted a hostile working environment and disparate conditions of employment"); *West v. Boeing Co.*, 843 F.Supp. 670, 678 (D.Kan.1994) (dismissing outrage claim where plaintiff alleged defendants "fail[ed] to responsively investigate sexual harassment charges, deceiv[ed] plaintiff into thinking she would be promoted, embarrass[ed] her by treating her differently from her co-workers, and ... threaten[ed] to get her fired").

Plaintiff also has simply failed to allege that the emotional distress he suffered is so severe that no reasonable person should be expected to endure it. Plaintiff alleges only that: defendant's conduct toward plaintiff "would cause an average citizen of Topeka, Kansas to resent the defendant." Compl. ¶ 54. "Resentment" and "extreme distress" are not synonymous. Plaintiff argues in his opposition memorandum that "[t]he important factors to remember in assessing plaintiff's outrage claim is Mr. Nwakpuda's background and familiarity with the United States legal system. Mr. Nwakpuda is a Nigerian National legally living and working in the United States." The court, however, does not judge plaintiff's outrage claim on plaintiff's unknown emotional frailties. The Kansas Supreme Court has held that "[t]he extreme distress required must be reasonable and justified under the circumstances, and there can be no liability where the plaintiff has appeared to suffer exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor had knowledge." *Roberts*, 230 Kan. at 294, 637 P.2d at 1180 (quoting *Dawson v. Associates Financial Servs. Co.*, 215 Kan. 814, 820, 529 P.2d 104 (1974); Restatement (Second) of Torts § 46(1), comment f). Plaintiff does not allege any facts as to defendant's knowledge of plaintiff's background or understanding of the United States legal system. The court finds, after reviewing plaintiff's well-pleaded factual allegations and drawing all reasonable inferences in favor of plaintiff, that plaintiff has failed to allege facts sufficient to establish that he suffered severe emotional distress. *See Bolin v. Cessna Aircraft Co.*, 759 F.Supp. 692, 717 (D.Kan.1991).

For the above reasons, the court will grant defendant's motion to dismiss as to count VII of plaintiff's complaint. Although any amendment by plaintiff reasserting his outrage claim may be futile, the court will grant plaintiff leave to amend his complaint to include any additional factual allegations which plaintiff believes would state a claim of outrage. *See Lange v. Showbiz Pizza Time, Inc.*, 12 F.Supp.2d 1150, (D.Kan.1998) *Houck*, 912 F.Supp. at 1444. Plaintiff shall file any such amended complaint on or before July 31, 1998.

IT IS THEREFORE ORDERED that defendant's motion to dismiss and/or strike. (Doc. # 3) is granted as to Count VII of plaintiff's complaint. Plaintiff is granted leave to amend his complaint to reassert his outrage claim (count VII) with additional factual allegations on or before July 31, 1998. Defendant's motion is denied in all other respects.