09-3203-cv
DiPetto v. U.S. Postal Service

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of July, two thousand ten.

PRESENT:
   ROGER J. MINER,
   JOHN M. WALKER, Jr.,
   GERARD E. LYNCH,
     *Circuit Judges*.

_____

John DiPetto,

    *Plaintiff-Appellant*,

   v.              No. 09-3203-cv

U.S. Postal Service,

    *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:   John DiPetto, *pro se*, Roslyn Heights, NY.

FOR DEFENDANT-APPELLEE:   Benton J. Campbell, United States Attorney, Robert W. Schumacher and Baruni Nelson, Assistant United States Attorneys, Eastern District of New York, Brooklyn, NY.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is VACATED and remanded for further proceedings.

Plaintiff-Appellant John DiPetto, *pro se*, appeals from the judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*), *sua sponte* dismissing his employment discrimination claims, pursuant to Fed. R. Civ. P. 8. We assume the parties' familiarity with the facts and procedural history.

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). We review a district court's dismissal of a claim pursuant to Rule 8(a) for abuse of discretion. *See Boykin v. KeyCorp*, 521 F.3d 202, 212 (2d Cir. 2008); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alterations, citations, and internal quotation marks omitted)). Although a district court may dismiss a complaint *sua sponte* for failure to comply with Rule 8, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). While "[s]pecific facts are not necessary," the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (ellipsis omitted); *see also Boykin*, 521 F.3d at 214.

We recently addressed the application of *Ashcroft v. Iqbal*, 129 S. Ct. 1949 (2009), to *pro se* pleadings and noted that, even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), we remain obligated to construe *pro se* complaints liberally. *See Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). Thus, while *pro se* complaints must contain sufficient factual allegations to meet

the plausibility standard, we should look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (emphasis in original).

With respect to discrimination claims, we explained in *Boykin* that plaintiffs are not required "to plead facts sufficient to establish a prima facie disparate treatment claim" under Title VII, because "the *McDonnell Douglas* burden-shifting framework 'is an evidentiary standard, not a pleading requirement,' and that to require more than Rule 8(a)'s 'simplified notice pleading standard' would unjustifiedly impose a heightened pleading requirement on the plaintiff." *Boykin*, 521 F.3d at 212 (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510, 511-13 (2002)) (citation omitted). Moreover, we have held there is no heightened pleading requirement for civil rights complaints alleging racial animus, and have found such claims sufficiently pled when the complaint stated simply that the plaintiffs "[were] African-Americans, describe[d] defendants' actions in detail, and allege[d] that defendants selected [plaintiffs] for maltreatment 'solely because of their color.'" *Phillip v. Univ. of Rochester,* 316 F.3d 291, 298 (2d Cir. 2003).

Here, reading Appellant's amended complaint to raise the strongest claims that it suggests, we find that Appellant stated he was Caucasian, described specific discriminatory actions that had been taken against him by his supervisor, and alleged that he was treated differently, *inter alia*, on the basis of his race. While Appellant did not explicitly state that he was filing a Title VII claim, federal employees are restricted to challenges under Title VII when complaining about employment discrimination. *See Annis v. County of Westchester*, 36 F.3d 251, 255 n.4 (2d Cir. 1994) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976)). Accordingly, we conclude that Appellant's amended complaint, unlike his original complaint,

3

which did not provide relevant details about his race or the race of relevant persons involved with the employment actions, gave fair notice to Appellee that he was raising a claim, pursuant to Title VII, on the basis that, because he was Caucasian, he received less overtime and work breaks than other employees, and that sick and annual leave policies were applied differently to him. *See Erickson*, 551 U.S. at 93 (holding that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (ellipsis in original)).[1]

Insofar as both the district court and Appellee argue that Appellant's claims fail because he did not attach a right-to-sue letter to his complaint, their analysis of the exhaustion requirement for federal employees is inaccurate. First, Appellant was not required to demonstrate at the pleading stage that his claims were administratively exhausted. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (explaining that exhaustion is an affirmative defense and is not required to be "specially [pled] or demonstrate[d] . . . in [the] complaint[ ]"). Second, as a substantive matter, Appellant was not required to exhaust by securing a right-to-sue letter from the EEOC. Generally, a right-to-sue letter is required when a private employee files a Title VII suit in district court. *See* 42 U.S.C. § 2000e-5(b), (f)(1). However, Title VII suits filed by federal employees are governed by 42 U.S.C. § 2000e-16 and 29 C.F.R. § 1614. *See Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001).

Accordingly, we find the district court erred when it concluded that Appellant failed to give fair notice of his claims as required under Rule 8(a)(2), because his "allegations, taken as true, indicate the possibility of discrimination and thus present a plausible claim of disparate

---

[1] To the extent that Appellant also contends that his supervisors discriminated in favor of homosexuals, sexual orientation is not a protected category under Title VII. *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 217 (2d Cir. 2005). There might, however, be a pendent state law claim. *See* New York State Human Rights Law, N.Y. Exec. Law § 296.

4

treatment." *Boykin*, 521 F.3d at 215-16 (expressing no opinion regarding the merits of plaintiff's claim, but explaining that, "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases"); *see also Swierkiewicz*, 534 U.S. at 514 (finding that petitioner had complied with Rule 8(a) where he had "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination").

For the reasons stated above, the judgment of the district court is VACATED**,** and the case is remanded for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk