**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1126
_____

HEATHER HOFFMAN,
                                        Appellant

v.

PALACE ENTERTAINMENT, a/k/a Dutch Wonderland; FESTIVAL FUN PARKS
LLC

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-06165)
District Judge:  Honorable James Knoll Gardner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2015
Before:  CHAGARES, JORDAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

  Heather Hoffman appeals pro se from the District Court's order dismissing her

complaint as a sanction for failing to comply with discovery obligations.  <u>See</u> Fed. R.

Civ. P. 37(b)(2).  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Hoffman began this action in October 2012 in the District Court, alleging that her former employer, Festival Fun Parks LLC (FFP), discriminated against her by refusing to rehire her for seasonal employment.[1]  Specifically, she claimed that FFP violated the Americans with Disabilities Act and the Pennsylvania Human Relations Act in 2010 when it did not invite her to return to work for the 2011 season.  At various times throughout this action, Hoffman claimed that she suffered from: a seizure disorder due to "battered woman's syndrome," high blood pressure, acute renal failure, "a heart condition," "amnesia states," and "adjustment disorder."  Hoffman further alleged that she was discriminated against throughout 2010 due to her absences from work, even though she provided doctors' notes for the majority of those absences.  She also claimed that FFP withdrew a separate offer of employment in 2011 for discriminatory reasons, although FFP's stated reason was that a background check revealed an undisclosed 2002 arrest.  Hoffman's discrimination claim with the Equal Employment Opportunity Commission was terminated on July 31, 2012, and a right-to-sue letter was issued. Hoffman timely sought relief in the District Court.

In April 2013, FFP moved to dismiss the case, but that motion was denied.  The pretrial discovery phase began, and the District Court initially set a discovery deadline of September 16, 2014.  That deadline was not met, however.  During the discovery period,

[1] Hoffman filed suit against "Palace Entertainment a/k/a Dutch Wonderland" and "Festival Fun Parks LLC."  The defendants indicated that Festival Fun Parks operates under the name of Palace Entertainment and is the sole owner of Wonderland Management, LLC, which does business as Dutch Wonderland.  We will refer to the defendants as FFP throughout this opinion.

Hoffman ignored repeated communications from both the defendants and the Magistrate Judge, and she failed to respond to interrogatories, submit documents, and appear for pre-trial depositions and conferences. FFP moved for dismissal as a sanction, and on November 4, 2014, the Magistrate Judge recommended that Hoffman be sanctioned. See Fed. R. Civ. P. 16(f), 37(b)(2)(A), 37(d)(1)(A). After considering Hoffman's objections, the District Court adopted the Magistrate Judge's report and recommendation and dismissed Hoffman's action as sanction. Hoffman appealed and requested counsel. Hoffman has also asked to supplement the record with materials not previously before the District Court.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal of a complaint as a sanction for abuse of discretion. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Under Poulis, a court may enter judgment against a party as a sanction after considering the following six factors: (A) the extent of the party's personal responsibility; (B) the prejudice to the adversary caused by the party's conduct; (C) whether the party has a history of dilatoriness; (D) whether the conduct of the party was willful or in bad faith; (E) the effectiveness of sanctions other than dismissal; and (F) the meritoriousness of the claim. Id. at 867-68. "In determining whether a District Court has abused its discretion in dismissing a complaint . . . we will be guided by the manner in which the court balanced the Poulis factors and whether the record supports its findings." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988) (quoting Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986)).

3

III.

We begin with Magistrate Judge's recommendation. The Magistrate Judge properly reasoned that, after a careful balancing of the Poulis factors, the "drastic sanction" of dismissal was appropriate.[2] Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 866 (3d Cir. 1984) (quoting Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982)). We note that it is not necessary for each Poulis factor to be satisfied in order for dismissal to be appropriate. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

A. The extent of the plaintiff's personal responsibility

The Magistrate Judge concluded that because Hoffman acted pro se, she was personally responsible for her failure to respond to discovery requests, court orders, and scheduled conferences and depositions. Hoffman, we note, repeatedly refused to provide medical documentation of her disabilities to FFP, although her action was based on the claim that she was not re-hired because of those disabilities. Hoffman also failed to be available for an August 6, 2014, conference call regarding discovery issues in spite of her assurance only one day earlier that she would be able to take the call. Moreover, she refused to appear in person at a pretrial hearing on October 27, 2014, in spite of the Magistrate Judge's order warning that she would be sanctioned if she did not comply. The District Court thus correctly concluded that Hoffman was personally responsible for

_____

[2] The Magistrate Judge considered imposing alternative, lesser sanctions but correctly reasoned that, (a) as Hoffman was proceeding in forma pauperis, she would be unable to pay monetary sanctions, and (b) preventing Hoffman from presenting evidence of her disabilities would render her action futile, and would therefore be the equivalent of a dismissal.

4

her refusals to provide discovery.  See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

### B.  Prejudice to the defendants

The Magistrate Judge correctly found that FFP was prejudiced by Hoffman's repeated refusals to cooperate.  FFP drafted numerous letters and motions to obtain discovery and secure Hoffman's presence at necessary pretrial depositions and conferences, to no avail.  It also engaged in extensive email communication with Hoffman, in an attempt to understand whether she planned to fulfill her responsibilities on various occasions.  Each time, Hoffman gave vague and incomplete responses.  FFP also paid to transport Hoffman to an independent medical exam as part of discovery.  Afterward, Hoffman refused to sign Health Insurance Portability and Accountability Act (HIPAA) releases that would allow FFP to access her background medical information.  These repeated, unnecessary discovery costs constitute prejudice to FFP.  See Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994).

### C.  History of dilatoriness

The Magistrate Judge found that, during the two years of litigation, Hoffman had turned over little to no discovery to FFP, failed to appear for her deposition, and failed to be present telephonically for a pretrial hearing and had thus been consistently dilatory.  Hoffman did not respond to discovery requests in a timely manner and insisted on appearing for her deposition by telephone.  Throughout the District Court proceedings, Hoffman offered often-inconsistent excuses for her behavior, including lack of finances, medical reasons such as an "amnesia state," and being locked out of her apartment due to

a landlord-tenant dispute. Given all this, we perceive no error in the finding that Hoffman exhibited a history of dilatoriness. See Adams, 29 F.3d at 874 (holding that "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness").

D. Whether the conduct was willful or in bad faith

The Magistrate Judge characterized Hoffman's conduct as willful and in "flagrant bad faith." See Adams, 29 F.3d at 875 (internal quotation marks and citation omitted). Hoffman has repeatedly displayed willful behavior. For example, she sat for an independent medical exam as part of the discovery process in July 2014 but later refused to sign HIPAA forms releasing her medical history, despite her previous assurances to FFP that she would do so. Hoffman stated that she lacked funds to make copies of the emailed HIPAA forms, but she made no effort to obtain hard copies from FFP. After repeated requests, she returned only one of the eight forms, and she altered that form to the extent that it was unusable. Hoffman also informed FFP that she would not be available for a scheduled deposition in August 2014. As noted previously, she also failed to attend a telephone conference in that month, despite her assurances the previous day that she would be available. On the day of the conference, the Court and the defendants called Hoffman several times and left two voice messages. Hoffman did not respond until two hours after the conference ended, when she called the defendants to inform them that she was ready to speak. For these reasons, among others, Hoffman's conduct was properly deemed willful and in bad faith. See Emerson, 296 F.3d at 191.

E. The effectiveness of sanctions other than dismissal

6

When a party lacks significant financial means, monetary penalties are not likely to have an impact. See id. Hoffman repeatedly stated that she lives on a fixed income and lacks funds for expenses such as photocopies and bus fare. Given this, the District Court reasonably concluded that Hoffman lacked the means to pay, and thus be affected by, a financial sanction. Further, as suggested by the Magistrate Judge's entertainment of possible other sanctions, allowing the case to continue but barring Hoffman from producing evidence on issues where she had impeded discovery would have resulted in a futile lawsuit, amounting to an effective dismissal of the case. See Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988). The District Court did not err in concluding that imposing sanctions other than dismissal would be ineffective. See Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008).

F. The meritoriousness of the claim

Under Poulis, a claim has merit when the allegations in the pleadings, if established at trial "would support recovery by the plaintiff. . . ." 747 F.2d at 870 (internal citations omitted). While Hoffman's allegations survived a motion to dismiss, we note that her allegations are often difficult to discern and internally inconsistent. For instance, when asked at her October 27, 2014, deposition to articulate her claims, Hoffman said only that her rights were violated and mentioned "something with the FCRA." Such conclusory assertions would not support recovery at trial. See id. At all events, this factor is insufficient to override the preceding factors, which all weigh against Hoffman.

IV.

7

We recognize the sanction of dismissal is an extreme sanction that may be imposed only after a balancing of the Poulis factors. See id. Here, every factor, or at least nearly every factor, weighs in favor of dismissal. See Ware, 322 F.3d at 221. For the reasons stated above, we will affirm the judgment of the District Court.[3] Hoffman's requests for counsel and to expand the record are denied.

---

[3] Hoffman's Eighth Amendment argument, contained in her objections to the Magistrate Judge's report, was without merit, given that Hoffman's case does not concern criminal punishment. Her objection regarding "the fact found process and NON SUBPOENA ISSUED" is not decipherable, even given the latitude we ascribe to pro se filings. Finally, the District Court properly overruled Hoffman's objection based on DiPetto v. U.S. Postal Service, 383 Fed. App'x. 102 (2d Cir. 2010) (nonprecedential), because that case did not address a motion for sanctions under similar circumstances. See id.